1   MARY KATE SULLIVAN (State Bar No. 180203)
    mks@severson.com
2   THOMAS N. ABBOTT (State Bar No. 245568)
    tna@severson.com
3   R. TRAVIS CAMPBELL (State Bar No. 271580)
    rtc@severson.com
4   SEVERSON & WERSON
    A Professional Corporation
5   One Embarcadero Center, Suite 2600
    San Francisco, California 94111
6   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
7

8   Attorneys for Defendants
    NATIONSTAR MORTGAGE, LLC and
9   AURORA COMMERCIAL CORP. (erroneously
    sued as AURORA LOAN SERVICES)

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14
    TODD SHARP, an individual; MARIA          Case No. C 14-00831 HRL
15  SHARP, an individual,
                                              **NOTICE OF MOTION AND MOTION TO**
16              Plaintiffs,                   **DISMISS PLAINTIFFS' FIRST**
                                              **AMENDED COMPLAINT;**
17         vs.                                **MEMORANDUM OF POINTS AND**
                                              **AUTHORITIES IN SUPPORT THEREOF**
18  NATIONSTAR MORTGAGE, LLC, an
    unknown business entity; AURORA LOAN      [Filed concurrently with Request for Judicial
19  SERVICES, an unknown business entity; and Notice; [Proposed] Order]
    DOES 1 through 25, inclusive,
20                                            Date:    April 8, 2014
                Defendants.                   Time:    10:00 a.m.
21                                            Crtrm.:  2, 5th Floor
                                              Judge:   Hon. Howard R. Lloyd
22
                                              Action Filed:  January 6, 2014
23                                            Trial Date:    None Set

24

25

26

27

28
    11951.0324/3126498.1                                      C 14-00831 HRL
        NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
               MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  **TO THE COURT AND PLAINTIFF HEREIN:**

2      **PLEASE TAKE NOTICE** that on April 8, 2014 at 10:00 a.m., or as soon thereafter as the

3  matter may be heard, in courtroom 2; 5th floor of the above entitled Court located at 280 South 1st

4  Street, San Jose, California, 95113, Defendants NATIONSTAR MORTGAGE, LLC and

5  AURORA COMMERCIAL CORP. (erroneously sued as AURORA LOAN

6  SERVICES)("Defendants") will and hereby do move the Court to dismiss the First Amended

7  Complaint of plaintiffs TODD SHARP and MARIA SHARP ("Plaintiffs") without leave to

8  amend.  This Motion is made and based upon Federal Rules of Civil Procedure 8(a), 9(b) and

9  12(b)(6) on the substantive grounds that allegations contained in the First Amended Complaint fail

10  to state a claim upon which relief can be granted.

11      This motion is based upon this Notice of Motion, the accompanying Memorandum of

12  Points and Authorities, Request for Judicial Notice filed herewith, and upon all pleadings, papers,

13  and documents on file herein, as well as any oral argument which may be presented at the time of

14  hearing or any matters of which judicial notice is requested and/or is taken.

15

16  DATED:  March 4, 2014          SEVERSON & WERSON
                        A Professional Corporation

17

18

19                          By:       /s/R. Travis Campbell
                                  R. Travis Campbell

20

21                          Attorneys for Defendants
                        NATIONSTAR MORTGAGE, LLC and AURORA

22                          COMMERCIAL CORP. (erroneously sued as
                        AURORA LOAN SERVICES)

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................. 1

II.  FACTUAL BACKGROUND ................................................ 2

    A.   Plaintiffs' Default On The Loan And Foreclosure Proceedings Commence ............ 2

    B.   The Trustee's Sale Is Conducted And The Property Is Sold ............. 2

    C.   Nationstar Obtains Judgment for Possession as to the Property Against the Plaintiffs ........................ 3

III. ARGUMENT ...................................................................... 3

    A.   Standard On Motion To Dismiss Pursuant To Rule 12(b)(6) ................ 3

    B.   Plaintiffs Are Judicially Estopped From Pursuing The Claims In The FAC ............ 4

    C.   Plaintiffs' Claims Are Barred By Res Judicata (Claim Preclusion) ............ 6

        1.   An Unlawful Detainer Judgment Precludes All Claims That Could Have Been Raised In That Action ............... 6

        2.   The Claims Based On Failure To Comply With Section 2923.5 Are Barred .......... 8

        3.   Claims Based on Breach of the Alleged Forbearance Agreement are Barred ........... 9

    D.   The Claims Seeking To Invalidate The Trustee's Sale Fail .................. 10

        1.   Section 2923.5 Claim Is Inapplicable Because The Trustee's Sale Has Already Occurred .............. 10

        2.   The Homeowner Bill of Rights Does Not Apply .................. 11

        3.   The  Claim For Breach Of Section 2923.6 Fails As A Matter Of Law ....... 11

        4.   Plaintiffs Have Not Alleged They Were Prejudiced ................... 12

        5.   Plaintiffs Have Not Alleged Tender Of The Loan ................... 13

    E.   The Claim For Breach Of Contract Fails ......................... 13

        1.   Plaintiffs Have Not Alleged The Existence Of A Valid Contract .............. 14

        2.   An Oral Contract To Modify The Loan Is Barred By The Statute Of Frauds ........... 15

    F.   The Claims For Breach Of Implied Covenant Of Good Faith And Faith Dealing And Specific Performance Fail ............... 15

G.    The Promissory Estoppel Claim Is Insufficiently Pled .......................................... 15

H.    The Misrepresentation Claims Fails As A Matter Of Law ..................................... 16

    1.    The Claims Are Time Barred ....................................................................... 16

    2.    The Claims Are Insufficiently Pled ............................................................. 16

I.    The Embezzlement Claim Fails ............................................................................. 17

    1.    The Claim Is Time Barred ........................................................................... 17

    2.    The Claim Is Insufficiently Pled ................................................................. 17

    3.    The Claim is not Cogent .............................................................................. 18

J.    The Negligence Claim Fails Because Defendants Did Not Owe Plaintiffs Any Duty ............................................................................................................... 18

K.    The Injunctive Relief And Accounting Claims Fail .............................................. 18

L.    The Claims For Money Had And Received And Quantum Merit Fail .................... 19

M.    The UCL Claim Is Derivative Of Plaintiffs' Other Causes Of Action And Therefore Fails ...................................................................................................... 20

IV.    CONCLUSION .............................................................................................................. 20

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page (s)**

**FEDERAL CASES**

*Albano v. Nw. Fin. Haw., Inc.,*
244 F.3d 1061 (9th Cir. 2001) ................................................................. 7, 10

*Allen v. McCurry,*
449 U.S. 90 (1980) ........................................................................................ 6

*Alvardo v. Aurora Loan Services, LLC,*
2012 WL 4475330 (C.D. Cal. Sept. 20, 2012) ........................................ 12

*Apostol v. CitiMortgage, Inc.,*
2013 WL 6328256 (N.D. Cal. Nov. 21, 2013) ........................................... 7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................................. 3, 20

*Banaga v. Taylor Bean Mortg. Co.,*
2011 WL 5056985 **3-4 (N.D. Cal. Oct. 24, 2011) ............................ 15, 17

*Becker v. Wells Fargo Bank, Nat. Ass'n,*
2012 WL 5187792 (E.D. Cal. Oct. 18, 2012) ............................................. 5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................................................................... 3

*Blanco v. American Home Mortg. Servicing, Inc.,*
2009 WL 4674904 (E.D. Cal. Dec. 4, 2009) ............................................. 14

*Buena Vista, LLC v. New Resource Bank,*
2011 WL 250361 (N.D. Cal. Jan. 26, 2011) ............................................. 18

*Cahill v. Liberty Mut. Ins. Co.,*
80 F.3d 336 (9th Cir. 1997) .......................................................................... 3

*Canales v. Federal Home Loan Mortg. Corp.,*
2011 WL 3320478 (C.D. Cal. Aug. 1, 2011) ........................................ 18, 19

*Castle v. Mortgage Electronic Registration Systems, Inc.,*
2011 WL 3626560 (C.D. Cal. Aug. 16, 2011) ....................................... 7, 8, 9

*Chavez v. Washington Mut. Bank,*
2013 WL 2450128 (N.D. Cal. Jun. 5, 2013) ............................................... 3

*Decker v. Glenfed, Inc.,*
42 F.3d 1541 (9th Cir. 1994) ...................................................................... 16

11951.0324/3126498.1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Dooms v. Federal Home Mortg. Corp.*,
  2011 WL 1303272 (E.D. Cal. Mar. 31, 2011) ............................................................... 14

*Fammilop v. Wells Fargo Bank, N.A.*,
  2011 WL 61614 (C.D. Cal. Jan. 4, 2011) ...................................................................... 19

*Graybill v. Wells Fargo Bank, N.A.*,
  953 F.Supp. 1091 (N.D. Cal. 2013) ................................................................. 14, 15, 17

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
  652 F.Supp.2d 1039 (9th Cir. 2009) .............................................................................. 19

*Hamilton v. State Farm Fire & Casualty Co.*,
  270 F.3d 778 (9th Cir. 2001) ...................................................................................... 4, 5

*Hay v. First Interstate Bank of Kalispell, N.A.*,
  978 F.2d 555 (9th Cir. 1992) ........................................................................................... 4

*Hill v. Opus Corp.*,
  841 F.Supp.2d 1070 (C.D. Cal. 2011) .......................................................................... 17

*Homsy v. Bank of Am., N.A.*,
  2013 WL 2422781 (N.D. Cal. Jun. 3, 2013) ................................................................ 12

*HPG Corp. v. Aurora Loan Services LLC*,
  436 B.R. 569 (E.D. Cal. 2010) ("*HPG*") ...................................................................... 5

*In re Coastal Plains*,
  179 F.3d 197 (5th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000) ............................... 4

*In re Schimmels*,
  127 F.3d 875 (9th Cir. 1997) ........................................................................................... 7

*Johnston v. Ally Fin. Inc.*,
  2011 WL 3241850 (S.D. Cal. July 29, 2011) ............................................................... 12

*Lai v. Quality Loan Service Corp.*,
  2010 WL 3419179 (C.D. Cal. Aug. 26, 2010) ............................................................... 9

*Lucas v. Dep't of Corr.*,
  66 F.3d 245 (9th Cir. 1995) ............................................................................................. 3

*Manufactured Home Cmtys. v. City of San Jose*,
  420 F.3d 1022 (9th Cir. 2005) ......................................................................................... 7

*McGough v. Wells Fargo Bank, N.A.*,
  2012 WL 5199411 at n. 4 (N.D. Cal. Oct. 22, 2012) ................................................... 11

*Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*,
  2013 WL 1196959 (N.D. Cal. Mar. 25, 2013) ............................................................. 11

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Minichino v. Wells Fargo Bank, N.A.*,
   2011 WL 4715153 (N.D. Cal. Oct. 7, 2011) ................................................................ 17

*Montoya v. Countrywide Bank, F.S.B.*,
   2009 WL 1813973 (N.D. Cal. June 25, 2009) ............................................................ 13

*Murillo v. Aurora Loan Servs.*,
   2009 WL 2160580 (N.D.Cal. July 17, 2009) ............................................................. 10

*Myers v. Bimbo Bakeries USA, Inc.*,
   2011 WL 1240095 (E.D. N.Y. Feb. 10, 2011) ............................................................. 5

*Nguyen v. Bank of America Nat. Ass'n*,
   2011 WL 5574917 (N.D. Cal. Nov. 15, 2011) ........................................................... 19

*Nguyen v. Wells Fargo Bank, N.A.*,
   749 F.Supp.2d 1022 (N.D. Cal. 2010) ...................................................................... 10

*Odinma v. Aurora Loan Services*,
   2010 WL 11990886 (N.D. Cal. Mar. 23, 2010) ........................................................ 10

*Ogilvie v. Select Portfolio Servicing*,
   2012 WL 4891583 (N.D. Cal. Oct. 8, 2012) ........................................................ 19, 20

*Palomar Mobilehome Park Ass'n v. City of San Marcos*,
   989 F.2d 362 (9th Cir. 1993) ..................................................................................... 7

*Paulsen v. CNF Inc.*,
   559 F.3d 1061 (9th Cir. 2009) ................................................................................... 3

*Reade v. CitiMortgage, Inc.*,
   2013 WL 5964611 (S.D. Cal. Nov. 7, 2013) ............................................................ 11

*Rivac v. Ndex West LLC*,
   2013 WL6662762, *7 (N.D. Cal. Dec. 17, 2013) .................................................. 10, 13

*Roberts v. J.P. Morgan Chase Bank*,
   2011 WL 864949 (N.D. Cal. Mar. 11, 2011) ............................................................ 10

*San Remo Hotel, L.P. v. City & County of San Francisco*,
   545 U.S. 323 (2005) .................................................................................................... 6

*Scott v. Kuhlmann*,
   746 F.2d 1377 (9th Cir. 1984) ................................................................................... 6

*Settle v. World Sav. Bank, F.S.B.*,
   2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) ........................................................... 12

*Shapouri v. CitiMortgage, Inc.*,
   2012 WL 5285910 (S.D. Cal. Oct. 22, 2012) ........................................................... 19

11951.0324/3126498.1

v

C 14-00831 HRL

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ................................................................. 3

*Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,*
    298 F.3d 1137 at n. 3 (9th Cir. 2002)..................................................... 7

*Taylor v. Sturgell,*
    553 U.S. 880 (2008).............................................................................. 6

*United States v. Eriksen,*
    639 F.3d 1138 (9th Cir. 2011) ............................................................. 17

*Vess v. Ciba–Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ............................................................. 16

*Wornum v. Aurora Loan Services, Inc.,*
    2011 WL 3516055 (N.D. Cal. Aug. 11, 2011)................................. 10, 15

STATE CASES

*Abdallah v. United Savings Bank,*
    43 Cal.App.4th 1101 (1996) ................................................................ 13

*Advanced Choices, Inc. v. State Dept. of Health Services,*
    182 Cal.App.4th 1661 (2010) .............................................................. 15

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.,*
    116 Cal.App.4th 1375 (2004) .............................................................. 13

*Biancalana v. T.D. Service Co.,*
    56 Cal.4th 807 (2013) ......................................................................... 12

*Byrne v. Harvey,*
    211 Cal.App.2d 92 (1962)..................................................................... 14

*Eichman v. Fotomat Corp.,*
    147 Cal.App.3d 1170 (1983).................................................................. 7

*Ersa Grae Corp. v. Fluor Corp.,*
    1 Cal.App.4th 613 (1991) .................................................................... 13

*Franklin v. USX Corp.,*
    87 Cal.App.4th 615 (2001) .................................................................. 17

*Gilmore v. Lycoming Fire Ins. Co.,*
    55 Cal. 123 (1880) .............................................................................. 14

*Janis v. California State Lottery Com.,*
    68 Cal.App.4th 824 (1998) .................................................................. 19

*Korean Am. Legal Advocacy Found. v. City of Los Angeles,*
    23 Cal.App.4th 376 (1994) ............................................................ 18

*Ladas v. California State Auto. Ass'n,*
    19 Cal.App.4th 761 (1993) ............................................................ 14

*Lona v. Citibank, N.A.,*
    202 Cal.App.4th 89 (2011) ............................................................ 12

*Mabry v. Sup. Ct.,*
    185 Cal.App.4th 208 (2010) .......................................................... 10

*MaJor v. Miraverde Homeowners Ass'n,*
    7 Cal.App.4th 618 (1992) .............................................................. 18

*Malkoskie v. Option One Mortg. Corp.,*
    188 Cal.App.4th 968 (2010) .................................................... 1, 7, 8, 9

*McBride v. Boughton,*
    123 Cal.App.4th 379 (2004) .......................................................... 19

*Merrill v. Navegar, Inc.,*
    26 Cal.4th 465 (2001) .................................................................... 18

*Mycogen Corp. v. Monsanto Co.,*
    28 Cal.4th 888 (2002) .................................................................. 6, 7

*Nymark v. Heart Fed. Sav. & Loan Assn.,*
    231 Cal.App.3d 1089 (1991) ..................................................... 12, 18

*Philipson & Simon v. Gulsvig,*
    154 Cal.App.4th 347 (2007) .......................................................... 16

*San Diego Unified Port Dist. v. Gallagher,*
    62 Cal.App.4th 501 (1998) ............................................................ 18

*Shamsian v. Atlantic Richfield Co.,*
    107 Cal.App.4th 967 (2003) .......................................................... 16

*Shell Oil Co. v. Richter*
    52 Cal.App.2d 164 (1942) ............................................................. 18

*Tarmann v. State Farm Mutual Auto. Ins. Co.,*
    2 Cal.App.4th 153 (1991) .............................................................. 16

*Utenbrger v. Red Bull North America, Inc.,*
    162 Cal.App.4th 414 (2008) .......................................................... 16

*Vella v. Hudgins,*
    20 Cal.3d 251 (1977) .............................................................. 7, 8, 9

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**FEDERAL STATUTES**

28 U.S.C.
§ 1738............................................................................................................... 6

**STATE STATUTES**

California Civil Code
§ 2923.5............................................................................................... 6, 8, 10
§ 2923.6............................................................................................... 10, 11, 12
§ 2923.6(c)-(g) ............................................................................................... 11
§ 2923.6(h) ..................................................................................................... 12
§ 2924............................................................................................................ 8, 9
§ 2924 et seq. ............................................................................................... 9, 10
§ 2924.11 .............................................................................................. 6, 9, 11

California Code of Civil Procedure
§ 1161a........................................................................................................... 7
§ 338(c)(1) ................................................................................................... 17
§ 338(d)......................................................................................................... 16

**RULES**

Federal Rules of Civil Procedure
9(b) ......................................................................................................... 16, 17
12(b)(6) ..................................................................................................... 3, 6

**OTHER AUTHORITIES**

2012 Cal. Legis. Serv. Chapter 86      11

11951.0324/3126498.1

C 14-00831 HRL

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs do not dispute that they took out, and defaulted on, a nearly $1,000,000 loan secured by real property.[1]  After they failed to cure the default, the property was sold and an unlawful detainer judgment was entered against them.  Plaintiffs, however, seek to invalidate the sale and recover damages based on alleged procedural irregularities with the Notice of Default that was recorded in 2009 and certain letters they supposedly received from Aurora Loan Services, LLC ("Aurora")[2] that they claim promised to postpone the foreclosure.[3]  All the claims are insufficiently pled and barred on legal grounds.

First, Plaintiffs are judicially estopped from pursing their claims.  Both Plaintiffs filed at least one Chapter 13 bankruptcy petition in the last year and at no point have either of them disclosed the claims they assert in this action to the bankruptcy court.  Indeed, Mrs. Sharp recently filed her third bankruptcy petition and still omits the claims.  Plaintiffs' pattern of intentional omissions compromise the integrity of the courts and, as a result, this Court should evoke judicial estoppel and dismiss their claims with prejudice.

Second, Plaintiffs' claims are barred by res judicata because the claims all challenge the validity of the foreclosure.  Plaintiffs could have raised as affirmative defenses in the unlawful detainer proceeding any claims they have that the foreclosure was improper or that the trustee's sale was invalid.  They did not.  Res judicata bars them from doing so now.[4]

Finally, each of the claims fail for several additional reasons.  For example, Plaintiffs have not pled the necessary elements to set aside the trustee's sale, such as prejudice or tender, and their fraud and embezzlement claims are insufficiently pled and barred by the statute of limitations.  Similarly, Plaintiffs have not pled facts showing there was ever a valid contract to postpone the

---

[1] See First Amended Complaint, ("FAC"), ¶¶ 9-10, 12-13.

[2] Aurora Commercial Corp. is the successor organization to Aurora Bank FSB.  Aurora Loan Services, LLC was a wholly owned subsidiary of Aurora Bank, FSB.

[3] See FAC at ¶¶ 15-25.

[4] Malkoskie v. Option One Mortg. Corp., 188 Cal.App.4th 968 (2010) ("Malkoskie").

11951.0324/3126498.1                                                                                     C 14-00831 HRL

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    foreclosure, what the terms of that contract were, or that Defendants' ever promised to take any

2    such action. Their vague references to letters from Aurora are insufficient.

3         For these reasons and those stated herein, the Court should dismiss the first amended

4    complaint with prejudice.

5                  **II.  FACTUAL BACKGROUND**

6   **A.**     **Plaintiffs' Default On The Loan And Foreclosure Proceedings Commence**

7         On September 20, 2006, Plaintiffs took out a $997,500 loan from Blue Adobe Financial

8    Services, Inc. ("Blue Adobe") secured by a deed of trust against the real property known as 25011

9    Hidden Mesa Court, Monterey, California 93940 ("the property"). First Amended Complaint

10   ("FAC") at ¶¶ 1, 9-10; RJN[5] at Ex. A. On June 18, 2009, due to Plaintiffs' failure to stay current

11   on their payments, Cal-Western Reconveyance, who had been substituted in as trustee, recorded a

12   Notice of Default. *Id.* at Ex. B. As of June 17, 2009, the unpaid amount due on the loan was

13   $30,788.44. *Id.* at p. 1.

14        After Plaintiffs failed to cure the delinquency, on September 22, 2009, a Notice of

15   Trustee's Sale was recorded, setting a sale date of October 13, 2009. *Id.* at Ex. C. The sale,

16   however, did not proceed and on November 15, 2010, the Deed of Trust was assigned to Aurora

17   by a "Corporate Assignment of Deed of Trust" which was recorded on December 1, 2010. *Id.* at

18   Ex. D. On June 28, 2012, Aurora assigned the Deed of Trust to Nationstar Mortgage LLC

19   ("Nationstar"), and that assignment was recorded on December 12, 2012. *Id.* at Ex. E

20   **B.**     **The Trustee's Sale Is Conducted And The Property Is Sold**

21        A Notice of Trustee's Sale was recorded on December 18, 2012, setting a sale date of

22   January 15, 2013. *Id.* at Ex. F. The property was eventually sold at public auction on March 5,

23   2013 to Nationstar for $1,060,355.32 and a Trustee's Deed Upon Sale was recorded on March 11,

24   2013. *Id.* at Ex. G.

25

26

27       [5] Request for Judicial Notice in support of Defendants' Motion to Dismiss Complaint filed here with ("RJN").

28

1    **C.      Nationstar Obtains Judgment for Possession as to the Property Against the Plaintiffs**

2              After purchasing the property, Nationstar filed an unlawful detainer action against

3    Plaintiffs in Monterey Superior Court, case number 122555 ("the Unlawful Detainer Action").

4    *See* RJN at Ex. H.  On July 2, 2013, judgment was entered against them and in favor of Nationstar

5    and Writ of Possession was issued by the state court.  *Id.* at Exs. I & J.

6                                    **III.  ARGUMENT**

7    **A.      Standard On Motion To Dismiss Pursuant To Rule 12(b)(6)**

8              A complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer

9    "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

10   550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss, material factual allegations in the

11   complaint are taken as true and construed in the light most favorable to the nonmoving party.

12   *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1997).

13             However, the Court need not accept conclusory allegations, unwarranted deductions of

14   fact, or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

15   Cir. 2001); *Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not

16   survive a motion to dismiss).  "[A] pleading that offers labels and conclusions or a formulaic

17   recitation of the elements of a cause of action will not [survive a motion to dismiss)."  *Ashcroft v.*

18   *Iqbal*, 556 U.S. 662, 678 (2009).  Indeed, a complaint will not suffice if it tenders naked assertions

19   devoid of further factual enhancement.  *Id.*  Nor must the court accept as true allegations in the

20   complaint that contradict documents that are attached as exhibits.  *Sprewell*, 266 F.3d at 988; *see*

21   *also Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) ("We are not ... required to accept

22   as true conclusory allegations that are contradicted by documents referred to in the complaint, and

23   we do not necessarily assume the truth of legal conclusions merely because they are cast in the

24   form of factual allegations.")

25             In granting a motion under Rule 12(b)(6), leave to amend should not be granted where it is

26   clear that the complaint's deficiencies cannot be cured by amendment.  *See Lucas v. Dep't of*

27   *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Chavez v. Washington Mut. Bank*, 2013 WL 2450128, *3

28   (N.D. Cal. Jun. 5, 2013) ("leave to amend generally shall be denied only if allowing amendment

1    would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party

2    has acted in bad faith").

3    **B.      Plaintiffs Are Judicially Estopped From Pursuing The Claims In The FAC**

4            Over the last year, Plaintiffs have engaged in a pattern of filing Chapter 13 bankruptcy

5    petitions without disclosing the claims they assert in this action to the bankruptcy court.  For

6    example, in July 2013, Plaintiffs separately filed Chapter 13 bankruptcy petitions, which were

7    dismissed. *See* RJN at Exs. K & L, M & N. Mrs. Sharp then filed two subsequent petitions under

8    different names, the first of which was dismissed, and the last, which was filed on February 3,

9    2014, is currently pending in the Central District of California. *Id.* at Exs. O-Q.[6]  None of the

10   schedules attached to the petitions disclosed the claims Plaintiffs assert against Defendants in this

11   action. *Id.* at Exs. K, p. 11; M, p. 5; O, p. 5; Q, p. 6.[7]  As a result, the Court should invoke judicial

12   estoppel.

13           "In the bankruptcy context, a party is judicially estopped from asserting a cause of action

14   not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure

15   statements." *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782 (9th Cir. 2001)

16   ("*Hamilton*"); *see Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir.

17   1992) (failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure

18   Statements estops the debtor from prosecuting that cause of action); *In re Coastal Plains,* 179 F.3d

19   197, 208 (5th Cir. 1999), *cert. denied,* 528 U.S. 1117 (2000) (holding that a debtor is barred from

20   bringing claims not disclosed in its bankruptcy schedules).  Indeed, "**the integrity of the**

21   **bankruptcy system depends on full and honest disclosure by debtors of all their assets**."

22   *Hamilton* at 785 (quoting *In re Coastal Plains*, 179 F.3d at 208) (emphasis in original).  "The

23   courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no

24

25           [6] The case filed on February 4, 2014 and assigned case number 14-bk-11313-DS, was
26   pending in the U.S. District Court for the Central District of California as of the filing of this
     motion.

27           [7] Mrs. Sharp filed her petitions and summary of schedules separately. *Id.* Exs. M, O & Q.
     The page numbers refer the file stamped numbers at the top of each summary of schedules.

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  claims exist and then subsequently to assert those claims for his own benefit in a separate

2  proceeding." *Hamilton* at 785.  The duty to disclose prevents the plaintiff from proceeding on a

3  cause of action which is the property of the bankruptcy estate. *See id.* at 784.

4     *HPG Corp. v. Aurora Loan Services LLC*, 436 B.R. 569  (E.D. Cal. 2010) ("*HPG*") is

5  directly on point.  In *HPG*, the plaintiffs alleged that defendant foreclosed on their properties

6  without complying with non-judicial foreclosure statutory procedures.  *HPG* at 574.  Plaintiffs

7  filed multiple Chapter 13 bankruptcy petitions, none of which disclosed their claims against the

8  defendant and all of which were dismissed for unreasonable delay and failure to file necessary

9  documents. *Id.* at 578.  The district court held judicial estoppel barred the plaintiffs' claims

10 because they were not disclosed in the schedules attached to the plaintiffs' petitions. *Id.*  In doing

11 so, the court noted that judicial estoppel was appropriate because the plaintiffs had received the

12 "benefits of automatic stays from the bankruptcy courts" multiple times and one plaintiff had even

13 filed her most recent bankruptcy petition after filing the lawsuit. *See id.*[8]  As the court explained:

14        [w]here a debtor files successive petitions and obtains successive stays without full
          disclosure of all assets, the debtor derives an unfair advantage if he can later

15        recover on undisclosed claims, and the bankruptcy system is laid bare for abuse.

16 *Id.*

17    Like *HPG*, Plaintiffs have filed successive petitions in which they failed to disclose their

18 claims. *See* RJN at Exs. K, p. 11; M, p. 5; O, p. 5; Q, p. 6.  They have both benefited repeatedly

19 from automatic stays, which creditors, like Nationstar, were forced to seek relief from. *Id.* at Exs.

20 R & T.[9]  Further, like the plaintiff in *HPG*, Mrs. Sharp's third petition (which is still pending) was

21 filed after she initiated this lawsuit and her claims are **still** omitted from her schedule of assets. *Id.*

22

23     [8] The court also relied on *Hamilton* which found that the discharge of debt is not required
       to meet the judicial acceptance prong and that "[t]he bankruptcy court may 'accept' the debtor's

24     assertions by relying on the debtor's nondisclosure of potential claims in many other ways"). *Id.*
       at 578 (citing *Hamilton* at 784).

25     [9] In Mr. Sharp's bankruptcy, Nationstar filed a motion for relief from the automatic stay in

26     connection with the unlawful detainer judgment it had obtained against Plaintiffs, which was
       granted on December 18, 2013. *Id.* at Exs. R & S.  Nationstar also sought relief from the

27     automatic stay in Mrs. Sharp's bankruptcy, but the motion was denied as moot because her case
       was dismissed. *Id.* at Exs. T & N.

28

at Exs. Q, p. 11. Judicial estoppel is appropriate. *HPG* at 578-79; *Myers v. Bimbo Bakeries USA, Inc.*, 2011 WL 1240095, *6 (E.D. N.Y. Feb. 10, 2011); *see also Becker v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 5187792, *4 (E.D. Cal. Oct. 18, 2012) (judicial estoppel barred borrower's claims not disclosed in bankruptcy petition against the lender because allowing plaintiff to pursue claims would give "unfair advantage" because plaintiff benefitted from the automatic stay).

**C.    Plaintiffs' Claims Are Barred By Res Judicata (Claim Preclusion)**

At bottom, all of Plaintiffs claims challenge the validity of the foreclosure and seek to void the trustee's sale. First, they contend the sale was invalid because the Notice of Default did not comply with section 2923.5 of the California Civil Code and the trustee's declaration stating it was "either signed fraudulently, or in error." *See* Complaint ("Compl.") at ¶¶ 14-19. Second, they claim that they were in compliance with a forbearance agreement Aurora supposedly agreed to in 2009, which they contend was a "foreclosure prevention alternative" under section 2924.11 of the California Civil Code and therefore the Notice of Trustee's Sale was invalid. *Id.* at ¶¶ 21-25, 31 and 34. Plaintiffs, however, could have raised these challenges to the various aspects of the foreclosure procedure as affirmative defenses in the Unlawful Detainer Action. They did not. A final judgment on the merit was entered against them and in favor of Nationstar and therefore res judicata bars Plaintiffs from challenging the foreclosure in this action.

> **1.    An Unlawful Detainer Judgment Precludes All Claims That Could Have Been Raised In That Action**

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).[10] "In diversity of citizenship actions, like this, federal courts apply the preclusion rules of the state in which they sit. *Taylor v. Sturgell*, 553 U.S. 880, 891 n. 4 (2008). In California, the doctrine of claim preclusion "prevents relitigation: (1) after a final

---

[10] Defendants may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6). *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Further, federal courts are required to give full faith and credit to state court judgments. 28 U.S.C. § 1738; *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 (2005).

1   judgment on the merits, (2) of the same cause of action in a second suit and (3) between the same

2   parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 897

3   (2002) (citations omitted).  Claim preclusion not only bars those claims actually litigated in a prior

4   proceeding, but also claims **that could have been litigated**." *Palomar Mobilehome Park Ass'n v.*

5   *City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) (emphasis added).

6          A default judgment in an unlawful detainer action is a final judgment on the merits. *Castle*

7   *v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 3626560, *5 (C.D. Cal. Aug. 16,

8   2011) (citing *Albano v. Nw. Fin. Haw., Inc.*, 244 F.3d 1061, 1064 (9th Cir. 2001)).  To determine

9   whether the causes of action are the same, California courts follow the primary rights doctrine.

10   *Manufactured Home Cmtys. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005).  This

11   doctrine provides:

12          A "cause of action" is comprised of a "primary right" of the plaintiff, a
            corresponding "primary duty" of the defendant, and a wrongful act by the
13          defendant constituting a breach of that duty. The most salient characteristic of a
            primary right is that it is indivisible: the violation of a single primary right gives
14          rise to but a single cause of action.

15   *Mycogen*, 28 Cal.4th at 904 (internal quotation and alterations omitted).  "If an action involves the

16   same injury to the plaintiff and the same wrong by the defendant then the same primary right is at

17   stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different

18   forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147

19   Cal.App.3d 1170, 1174 (1983) (internal citations omitted).

20          The parties to both actions must also be identical or in privity with each other. *Mycogen*

21   *Corp.*, 28 Cal.4th at 896.  "Privity between parties exists when a party is 'so identified in interest

22   with a party to former litigation that he represents precisely the same right in respect to the subject

23   matter involved.' " *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 at n. 3

24   (9th Cir. 2002) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)); *see also Apostol v.*

25   *CitiMortgage, Inc.*, 2013 WL 6328256, *5 (N.D. Cal. Nov. 21, 2013) (finding res judicata barred

26   second lawsuit challenging foreclosure because defendants in second suit had "commonality of

27   interest" with defendants in first suit).

28          While an unlawful detainer action is ordinarily limited to resolution of the question of

11951.0324/3126498.1                                   7                          C 14-00831 HRL

possession, section 1161a of the California Code of Civil Procedure extends the summary eviction remedy beyond the conventional landlord-tenant relationship to include certain purchasers of property. *Malkoskie*, 188 Cal.App. at 973 (citing *Vella v. Hudgins*, 20 Cal.3d 251, 255 (1977)) (quotations omitted). Section 1161a(b)(3) provides that an unlawful detainer action may be filed "[w]here the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust ... and the title under the sale has been duly perfected." *Malkoskie,* 188 Cal.App. at 973. "[S]ubsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment." *Vella*, 20 Cal.3d at 256.

**2.      The Claims Based On Failure To Comply With Section 2923.5 Are Barred**

Res judicata bars claims that seek to invalidate the foreclosure sale based on alleged irregularities with Notice of Default.

*Castle v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 3626560 (C.D. Cal. Aug. 16, 2011) ("*Castle*") is directly on point. In *Castle*, after purchasing the plaintiffs' real property from Wells Fargo at a trustee's sale, Fannie Mae filed an unlawful detainer action and judgment was entered by default against the borrowers. *Castle* at *2. The borrowers sued Fannie Mae alleging that the sale should be set aside on the grounds that "the foreclosure and trustee's sale were procedurally improper." Specifically, they alleged the recording of the Notice of Default was unlawful and Wells Fargo was not a beneficiary of the loan. *Id.* Relying on *Malkoskie*, the court found that the plaintiffs' claims challenging the foreclosure were based on "the same primary right at issue in the unlawful detainer proceeding, *i.e.*, the right to the property." *Id.* at *7. Because Fannie Mae had alleged in the unlawful detainer action that they acquired the property at the trustee's sale and duly perfected the title and therefore "[t]he validity of the foreclosure process, trustee's sale, and Fannie Mae's acquisition of the property were all encompassed by the unlawful detainer action." *Id.* Res judicata barred the subsequent action. *Id.*

Like in *Castle*, Plaintiffs seek to invalidate the foreclosure sale because of alleged irregularities with the recording of the Notice of Default. *See* Compl. at ¶ 31 ("Defendants authorized and/or initiated the foreclosure . . . without first properly notifying Plaintiffs [pursuant

1   to sections 2923.5 and 2924]" therefore "Nationstar's purchase of the [property] was unlawful . . .

2   and should be nullified and rescinded."). But to prevail in the Unlawful Detainer Action,

3   Nationstar had to "prove that the property was sold in accordance with section 2924 of the Civil

4   Code under a power of sale and that the title under the sale has been duly perfected." *Malkoskie*,

5   188 Cal.App. at 974 (quotations and citations omitted).[11] Thus, res judicata bars Plaintiffs' claims

6   against Nationstar and its predecessor, Aurora. *See Castle*, 2011 WL 3626560 at **5-9; *see also*

7   *Lai v. Quality Loan Service Corp.*, 2010 WL 3419179, *4 (C.D. Cal. Aug. 26, 2010) ("In fact,

8   although most issues unrelated to possession can be raised in a subsequent action between the

9   parties, the issue of the irregularity of the foreclosure or execution sale is barred by a judgment in

10   an unlawful detainer action.") (citations and quotations omitted).

11       **3.   Claims Based on Breach of the Alleged Forbearance Agreement are Barred**

12          Res judicata also bars Plaintiffs' claims seeking to invalidate the sale based on Defendants

13   alleged breach of the forbearance agreement, which they contend was a "foreclosure prevention

14   alternative" under section 2924.11 of the California Civil Code. *See* Compl. at ¶ 32.

15          By entering judgment against Plaintiffs in the Unlawful Detainer Action, the state court

16   specifically found that Nationstar complied with section 2924 of the California Civil Code.

17   *Malkoskie*, 188 Cal.App. at 974. Plaintiffs contention that they were in compliance with a

18   forbearance agreement and therefore the Notice of Trustee's Sale was unlawfully recorded

19   (Compl. at ¶¶ 23, 27, 32 and 34) could have been raised in the Unlawful Detainer Action, but was

20   not. Res judicata bars their challenges in this action to the Notice of Trustee's Sale. *Vella*, 20

21   Cal.3d at 256 ("[S]ubsequent fraud or quiet title suits founded upon allegations of irregularity in a

22   trustee's sale are barred by the prior unlawful detainer judgment.").

23          To the extent Plaintiffs claim they were not in default because of their alleged compliance

24

25       [11] In paragraphs 9 and 10 of the Unlawful Detainer Action complaint, Nationstar
     specifically alleged that Plaintiffs "defaulted under the terms of the Deed of Trust which secured

26   the property", therefore a "Notice of Default and Breach of Conditions of the Deed of Trust and
     Election to Sell the Property . . . was recorded" and Plaintiffs failed to "cure said default" so "a

27   Trustee's Sale of the Property was duly noticed as required under California Civil Code section
     2924 et seq." *See* RJN at Ex. H, p. 2.

28

1   with a forbearance agreement, they also could have raised that in the Unlawful Detainer Action,

2   Indeed, Nationstar's complaint specifically alleged they **were** in default. *See* RJN at Ex. H, p. 2

3   (Plaintiffs failed to "cure said default" so "a Trustee's Sale of the Property was duly noticed as

4   required under California Civil Code section 2924 et seq."). Plaintiffs could have challenged the

5   veracity of the allegation, but did not. Res judicata bars them from doing so here. *See Albano v.*

6   *Nw. Fin. Haw., Inc.*, 244 F.3d at 1064 (in determining res judicata effect the court considers not

7   only those issues actually litigated, but also those that could have been litigated).

8   **D.    The Claims Seeking To Invalidate The Trustee's Sale Fail**

9          Plaintiffs' causes of action labeled "Wrongful Foreclosure" (First Cause of Action),

10  Failure To Negotiate In Good Faith (Cal Civ. Code § 2923.6)" (Second Cause of Action), "Quiet

11  Title To Real Property" (Thirteenth Cause of Action), "Declaratory Relief" (Fourteenth Cause of

12  Action) and "Cancellation Of Deed Affecting Real Property" (Fifteenth Cause of Action) all fail

13  as a matter of law for several reasons.

14          **1.    Section 2923.5 Claim Is Inapplicable Because The Trustee's Sale Has Already**
            **Occurred**

15

16          The only remedy for an alleged violation of section 2923.5 is postponement of the trustee's

17  sale. *Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, (N.D. Cal. 2010) (dismissing

18  section 2923.5 claim); *Mabry v. Sup. Ct.*, 185 Cal.App.4th 208, 225-26 (2010). Indeed, "the

19  remedy for a § 2923.5 violation is limited to postponement of the foreclosure sale to allow

20  compliance" and "does not create a right to loan modification, nor does it have effect on a

21  completed foreclosure sale." *Roberts v. J.P. Morgan Chase Bank*, 2011 WL 864949, at *5 (N.D.

22  Cal. Mar. 11, 2011) (internal citations omitted). Here, the sale was completed nearly a year ago on

23  March 5, 2013. *See* RJN at Ex. G. As result, Plaintiffs have no remedy and the claim should be

24  dismissed. *Rivac v. Ndex West LLC*, 2013 WL6662762, *7 (N.D. Cal. Dec. 17, 2013) ("plaintiffs

25  cannot set aside the sale based on alleged violation of § 2923.5" because "[t]he property has been

26

27

28

11951.0324/3126498.1

10

C 14-00831 HRL

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   sold, and the remedy under the statute is limited to a postponement of the foreclosure sale.").[12]

2   **2.   The Homeowner Bill of Rights Does Not Apply**

3   Plaintiffs' claims that Defendants breached a "written agreement" with Aurora which,

4   according to them, was a "foreclosure prevention alternative" are also barred because the

5   Homeowner Bill of Rights ("HBOR") does apply retroactively.

6   Section 2924.11 is part of the HBOR that was passed by California Legislature in 2012 and

7   became effective on January 1, 2013.  2012 Cal. Legis. Serv. Ch. 86 (A.B. 278) (WEST).  The

8   HBOR, however, does not apply retroactively to conduct that occurred prior to January 1, 2013.

9   *See, e.g., Reade v. CitiMortgage, Inc.*, 2013 WL 5964611, *3 (S.D. Cal. Nov. 7, 2013) (holding

10  HBR does not apply to Notice of Default recorded in 2012: "the [HBR] does not apply

11  retroactively to the foreclosure proceedings against the Plaintiffs"); *Michael J. Weber Living Trust*

12  *v. Wells Fargo Bank, N.A.*, 2013 WL 1196959, *4 (N.D. Cal. Mar. 25, 2013); *McGough v. Wells*

13  *Fargo Bank, N.A.*, 2012 WL 5199411, *5 at n. 4 (N.D. Cal. Oct. 22, 2012) ("there is no indication

14  that the [HBOR] is intended to be, or will be, applied retroactively").  The alleged "written

15  agreement" Plaintiffs contend they entered into with Aurora in 2009 could not have been a

16  "foreclosure prevention alternative" under section 2924.11 because that section did not become

17  effective until 2013.  As a result, section 2924.11(b) did not prevent Defendants from proceeding

18  with the foreclosure.

19  **3.   The  Claim For Breach Of Section 2923.6 Fails As A Matter Of Law**

20  Plaintiffs premise their second cause of action on an alleged violation of section 2923.6 of

21  the California Civil Code.  Compl. at ¶¶ 38-44.  According to Plaintiffs, section 2923.6 creates a

22  "statutory duty to act in the best interests of all parties" and Defendants owed them a "statutory

23  duty to conduct any loan modification negotiations with [them] in good faith," which Defendants

24  allegedly breached.  *Id.* at ¶¶ 39-41.  Plaintiffs are mistaken.

25  _____

26  [12] This claim also fails as to Aurora because it is preempted by the Home Owner's Loan
    Act.  *See Wornum v. Aurora Loan Services, Inc.*, 2011 WL 3516055, *7 (N.D. Cal. Aug. 11,
27  2011); *Odinma v. Aurora Loan Services*, 2010 WL 11990886, **7-8 (N.D. Cal. Mar. 23, 2010);
    *Murillo v. Aurora Loan Servs.*, 2009 WL 2160580 (N.D.Cal. July 17, 2009).

28

1    Section 2923.6 governs how a lender must proceed when a borrower submits a "complete

2  application for first lien loan modification." Cal. Civ. Code § 2923.6(c)-(g).[13]  Plaintiffs do not

3  allege they ever provided either Nationstar or Aurora with a completed loan modification

4  application.  Instead, they contend that they entered into a forbearance agreement to postpone

5  foreclosure of the loan that would give them an opportunity to refinance. *See* FAC at ¶ 21.  As a

6  result, this is not a loan modification case and therefore section 2923.6 is inapplicable.

7    Further, to the extent Plaintiffs contend that section 2923.6 creates some type of broad

8  "statutory duty" in connection with "loan modification negotiations" they are incorrect. *See*

9  Compl. at ¶ 40.  Courts have consistently held that a lender does not owe a borrower a duty of care

10  when its activities do not exceed those of a conventional lender. *Alvardo v. Aurora Loan Services,*

11  *LLC*, 2012 WL 4475330, *6 (C.D. Cal. Sept. 20, 2012) (citing *Nymark v. Heart Fed. Sav. & Loan*

12  *Assn.*, 231 Cal.App.3d 1089, 1096 (1991)).  Loan modifications are within the scope of

13  conventional lender activities. *Alvardo*, 2012 WL 4475330 at *6; *Settle v. World Sav. Bank,*

14  *F.S.B.*, 2012 WL 1026103, *8 (C.D. Cal. Jan. 11, 2012); *See also Johnston v. Ally Fin. Inc.*, 2011

15  WL 3241850, *4 (S.D. Cal. July 29, 2011).

16    Finally, all of the alleged conduct Plaintiffs claim violated section 2923.6 occurred prior to

17  January 1, 2013, before the HBOR became effective. *See* Compl. at ¶ 41.  California district

18  courts have consistently held that there is no private right of action for borrowers to enforce that

19  section for conduct that occurred prior to January 1, 2013. *See, e.g., Homsy v. Bank of Am., N.A.*,

20  2013 WL 2422781, *6 (N.D. Cal. Jun. 3, 2013) (collecting cases).  For this additional reason the

21  claim fails as a matter of law.

22    **4.    Plaintiffs Have Not Alleged They Were Prejudiced**

23    Plaintiffs also fail to allege any facts showing any defects in the foreclosure proceeding

24  prejudiced them.  It is a well-settled that a party challenging a non-judicial foreclosure must show

25  that any defects resulted in prejudice to that party. *See Biancalana v. T.D. Service Co.*, 56 Cal.4th

26

27    [13] A application is deemed "complete" when a borrower has supplied the mortgage servicer
with all documents required by the mortgage servicer within the reasonable timeframes specified
by the mortgage servicer. Cal. Civ. Code § 2923.6(h).

28

807, 816 (2013) ("successful challenge to the sale requires evidence of a failure to comply with the procedural requirements for the foreclosure sale that caused prejudice to the person attacking the sale."); *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104 (2011) ("the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed"). Plaintiffs do not dispute they agreed to repay the nearly one million dollar loan, the property could be sold if they did not, or that they failed to make the monthly payments when due. Nor do they contend that they cured the default. Similarly, Plaintiffs fail to allege any facts to show that they attempted to repay the loan but were hindered in doing so by some act or omission of the defendants. As a result, their claims seeking to set aside the sale all fail.

### 5. Plaintiffs Have Not Alleged Tender Of The Loan

Plaintiffs' attacks on the sale also fail because they have not alleged they tendered the amount due on the loan. "Under California law, the 'tender rule' requires, as a precondition to challenging a foreclosure sale, or asserting any cause of action implicitly integrated to the sale, that the borrower make a valid and viable tender of payment of the secured debt." *Montoya v. Countrywide Bank, F.S.B.*, 2009 WL 1813973, *11 (N.D. Cal. June 25, 2009). Tender of the amount owed is a requirement to any claim of wrongful foreclosure or any challenge to the regularity or validity of a foreclosure sale. *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996). A cause of action is related to the foreclosure sale if it challenges and/or seeks damages related to any aspect of the foreclosure process. *Id.*

Plaintiffs have not alleged they are willing and able to tender the amount owed. Therefore, they lack standing to challenge the foreclosure sale and all of the claims fail as a matter of law. *Rivac*, 2013 WL6662762 at *5.

### E. The Claim For Breach Of Contract Fails

To state a claim for breach of contract, Plaintiffs must allege (1) the existence of a contract; (2) plaintiffs' performance or excuse for nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages. *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal.App.4th 1375, 1390 (2004).

**1.     Plaintiffs Have Not Alleged The Existence Of A Valid Contract**

A contract will not be enforced unless "it is sufficiently definite ... for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Ersa Grae Corp. v. Fluor Corp.,* 1 Cal.App.4th 613, 623 (1991).  Indeed, a contract is void where it is so uncertain and indefinite that the intention of the parties on material questions cannot be ascertained.  *Ladas v. California State Auto. Ass'n,* 19 Cal.App.4th 761, 770 (1993). "[W]here a written instrument is the foundation of a cause of action, it may be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference." *Byrne v. Harvey,* 211 Cal.App.2d 92, 103 (1962).  "Where a party relies in his complaint upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in haec [sic] verba, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." *Dooms v. Federal Home Mortg. Corp.*, 2011 WL 1303272, *5 (E.D. Cal. Mar. 31, 2011) (dismissing claim for breach of alleged loan modification).(quoting *Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880)).

Plaintiffs do not sufficiently allege the existence of a contract.  Their vague references to letters which they claim promised to "postpone foreclosure" of the property (*see* FAC at ¶ 21) do not suffice.  It is wholly unclear what the "terms" of the supposed contract were or whether they were breached.  Regardless, letters sent by lenders to borrowers offering to postpone foreclosure do not constitute valid contracts.  *See Graybill v. Wells Fargo Bank, N.A.*, 953 F.Supp. 1091, 1103 (N.D. Cal. 2013) (dismissing breach of contract claim: promise in a letter not to foreclose for 30 days "does not render promise legally enforceable").

Further, Plaintiffs do not attach a copy of the agreement, nor do they identify the terms they were to fulfill.  This is insufficient.  *See Dooms,* 2011 WL 1303272 at *5.  In addition, they do not allege what consideration was given for the supposed promise to postpone foreclosure.  *See Blanco v. American Home Mortg. Servicing, Inc.*, 2009 WL 4674904, *7 (E.D. Cal. Dec. 4, 2009) (dismissing breach of contract claim because lender's alleged agreement to provide "affordable loan" was vague and do not state what consideration was given).  Instead, they merely assert that they made certain payments in 2009 and 2010 in compliance with unidentified terms of the

1   agreement.  This insufficient to put Defendants or the Court on notice of the terms of the alleged

2   contract.  Plaintiffs have not alleged the existence of a valid contract

3         **2.      An Oral Contract To Modify The Loan Is Barred By The Statute Of Frauds**

4         To the extent Plaintiffs contend Aurora breached an oral agreement to modify the loan, the

5   claims is barred by the statute of frauds.  In *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, the

6   California Court of Appeal addressed this very issue and held that a forbearance agreement

7   modifying the terms of a deed of trust is subject to the statute of frauds.  *See* 167 Cal.App. 544,

8   552-54.  As a result, any breach of contract Plaintiffs' claim based on oral representations or

9   unsigned documents from Aurora, fails as a matter of law.

10  **F.      The Claims For Breach Of Implied Covenant Of Good Faith And Faith Dealing And**
            **Specific Performance Fail**

11

12        Plaintiffs have not pled the existence of a valid contract and therefore the claim for Breach

13  of Implied Covenant of Good Faith and Fair Dealing and Specific Performance necessarily fail.

14  *See Banaga v. Taylor Bean Mortg. Co.*, 2011 WL 5056985, \*\*3-4 (N.D. Cal. Oct. 24, 2011)

15  (dismissing breach of implied covenant of good faith and fair dealing because the plaintiffs had

16  not alleged valid contract); *Wornm v. Aurora Loan Services, Inc.*, 2011 WL 3516055, \*10 (N.D.

17  Cal. Aug. 11, 2011) (dismissing claim for specific performance because plaintiff had not alleged

18  existence of a contract).

19  **G.      The Promissory Estoppel Claim Is Insufficiently Pled**

20        Similarly, Plaintiffs' vague references to representations made in letters they received from

21  Aurora do not state a claim for Promissory Estoppel.  The elements of promissory estoppel are

22  "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise

23  is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the

24  estoppel must be injured by his reliance." *Advanced Choices, Inc. v. State Dept. of Health*

25  *Services*, 182 Cal.App.4th 1661, 1672 (2010).

26        For the same reasons discussed above, Plaintiffs have not identified any clear and

27  unambiguous promise.  Nor do they allege any facts on which the Court could find their reliance

28  on such a promise was reasonable or that they were injured.  As a result, the claim should be

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   dismissed. *See Graybill*, 953 F.Supp. at 1103 (dismissing promissory estoppel claim); *Banaga*,

2   2011 WL 5056985 at **4-5 (same).

3   **H.      The Misrepresentation Claims Fails As A Matter Of Law**

4        Plaintiffs allege that Defendants misrepresented to them that if they made payments under

5   the forbearance agreement they would avoid foreclosure. *See* Compl. at ¶ 59.  The claims fail.

6        **1.      The Claims Are Time Barred**

7        The statute of limitations for fraud and misrepresentation claims is three years.  Cal. Civ.

8   Proc. Code § 338(d).  Each of the alleged "misrepresentations" occurred either on or before

9   November 24, 2010 when Plaintiffs received the last letter from Aurora which allegedly returned

10  their most recent payment and informed them the foreclosure would proceed. *See* Compl. at ¶¶

11  21-25.  Indeed, Plaintiffs do not allege that they had any communication with Defendants after

12  that date.  As a result, Plaintiffs had to assert those claims prior to November 24, 2013.  This

13  action was filed on January 6, 2014 and thus, the claims are barred.

14       **2.      The Claims Are Insufficiently Pled**

15       "The elements which must be pleaded to plead a fraud claim are (a) misrepresentation

16  (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)

17  intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."

18  *Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363 (2007) (quotations omitted).[14]

19       Fraud and misrepresentation claims must satisfy Federal Rule 9(b) which requires the

20  claims be pled with particularity.  Fed. R. Civ. P. 9(b).  Plaintiffs must include "the who, what,

21  when, where, and how" of the fraud. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

22  Cir. 2003). In addition, "[t]he plaintiff must set forth what is false or misleading about a statement,

23  and why it is false." *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994).  When a claim

24  of fraud is made against a corporation, the complaint "must set forth specific names of the persons

25  who made the misrepresentation, their authority to speak for the corporation, to whom they spoke,

26  

27      [14] The elements of negligent misrepresentation are the same without the scienter
requirement. *Shamsian v. Atlantic Richfield Co.*, 107 Cal.App.4th 967, 983 (2003).

28

1   what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mutual Auto.*

2   *Ins. Co.*, 2 Cal.App.4th 153 (1991).

3          Plaintiffs do not allege any conduct on the part of Nationstar. A fraud claim does not lie

4   against one entity for the statements made by another. *Utenbrger v. Red Bull North America, Inc.*,

5   162 Cal.App.4th 414, 420-22 (2008). To the extent Plaintiffs allege Nationstar is responsible

6   under a successor liability theory, California law does not allow claims against successors-in-

7   interest based on the acts or omissions of the predecessor. *See Franklin v. USX Corp.*, 87

8   Cal.App.4th 615, 618 (2001). Further, Plaintiffs' allegations directed at Aurora do not meet the

9   specificity requirements of Rule 9(b). Plaintiffs do not allege what the letters they rely on said,

10  who wrote them, or any other specific information concerning the alleged misrepresentation. *See*

11  *Graybill*, 953 F.Supp. at 1105-06 (dismissing fraud claims); *Banaga*, 2011 WL 5056985 at **5-6

12  (same).

13  **I.     The Embezzlement Claim Fails**

14         Plaintiffs allege that Defendants "converted the funds" they allegedly paid from February

15  2009 through October 2010 for "their own use." *See* Compl. at ¶¶ 46-48. Embezzlement is the

16  "fraudulent appropriation of property by a person to whom such property has been entrusted, or

17  into whose hands it has lawfully come." *United States v. Eriksen*, 639 F.3d 1138, 1150 (9th Cir.

18  2011) (alteration in original; citation and internal quotation marks omitted).

19         **1.     The Claim Is Time Barred**

20         Embezzlement claims are also subject to a three year statute of limitations. Cal. Civ. Proc.

21  Code § 338(c)(1); *Minichino v. Wells Fargo Bank, N.A.*, 2011 WL 4715153, *5 (N.D. Cal. Oct. 7,

22  2011) (granting motion to dismiss embezzlement claim in wrongful foreclosure action as barred

23  by the three year statute of limitations). Any alleged "fraudulent appropriation" of Plaintiffs funds

24  occurred at the latest when Defendants informed them the funds would not bring the loan current.

25  As a result, the claim had to be brought by November 24, 2013.

26         **2.     The Claim Is Insufficiently Pled**

27         Claims for embezzlement are also subject to Rule 9(b)'s heightened pleading standard. *See*

28  *Hill v. Opus Corp.*, 841 F.Supp.2d 1070, 1099 (C.D. Cal. 2011) (finding embezzlement allegations

1 | did not meet Rule 9(b) pleading standard).  Plaintiffs offer nothing more than a conclusion that

2 | Defendants did not apply their payments to the loan.  There are no facts to support this claim.

3 | Plaintiffs' apparent reliance on the amount of the loan in the Trustee's Deed Upon Sale is red

4 | herring.  Plaintiffs do not dispute that they were delinquent on their loan and that no payments had

5 | been made since October 2010.  As a result, it is likely that the loan amount included late or other

6 | fees in connection with the foreclosure proceeding.  Plaintiffs conclusory allegations that the funds

7 | were misappropriated are insufficient.

### 3.   The Claim is not Cogent

9 | Finally, the allegation simply does not make sense in light of Plaintiffs' admission that

10 | they took out the loan and promised to repay it.  Any sums Plaintiffs advanced toward their

11 | monthly obligations under the loan were required under the deed of trust they signed as part of that

12 | transaction.

### J.   The Negligence Claim Fails Because Defendants Did Not Owe Plaintiffs Any Duty

14 | Negligence requires the following elements: (1) a legal duty of care owed by defendant to

15 | the plaintiff; (2) a breach of that duty; (3) causation; and (4) injury to the plaintiff resulting from

16 | the breach.  *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001).  As discussed above, "a financial

17 | institution owes no duty of care to a borrower when the institution's involvement in the loan

18 | transaction does not exceed the scope of its conventional role as a mere lender of money."

19 | *Nymark*, 231 Cal.App.3d at 1095–96; *see also Buena Vista, LLC v. New Resource Bank*, 2011 WL

20 | 250361, *9 (N.D. Cal. Jan. 26, 2011) (applying this standard).  Plaintiffs have not alleged any

21 | facts on which the Court could find Defendants exceeded their conventional lender role and

22 | therefore the claim fails.

### K.   The Injunctive Relief And Accounting Claims Fail

24 | The claim for Injunctive Relief fails because it is a remedy, not a cause of action.  *Canales*

25 | *v. Federal Home Loan Mortg. Corp.*, 2011 WL 3320478, *10 (C.D. Cal. Aug. 1, 2011); *Shell Oil*

26 | *Co. v. Richter* (1942) 52 Cal.App.2d 164, 168 (1942) ("[i]njunctive relief is a remedy and not, in

27 | itself, a cause of action.").  A cause of action must exist before an injunction may be issued, but it

28 | is not a cause of action on its own.  *MaJor v. Miraverde Homeowners Ass'n*, 7 Cal.App.4th 618,

1 | 623 (1992); *Korean Am. Legal Advocacy Found. v. City of Los Angeles*, 23 Cal.App.4th 376, 397

2 | (1994);  Further, to qualify for an injunction, Plaintiffs must establish the elements of a cause of

3 | action involving the wrongful act sought to be enjoined.  *San Diego Unified Port Dist. v.*

4 | *Gallagher*, 62 Cal.App.4th 501, 503 (1998).  Plaintiffs have failed to do so here and the claim

5 | should be dismissed.

6 |      Similarly, Plaintiffs fail to assert a claim for accounting.  "A right to an accounting is

7 | derivative; it must be based on other claims." *Janis v. California State Lottery Com.*, 68

8 | Cal.App.4th 824, 833–834 (1998).  To bring a claim, Plaintiffs must establish a fiduciary

9 | relationship with Defendants. *Shapouri v. CitiMortgage, Inc.*, 2012 WL 5285910, *3 (S.D. Cal.

10 | Oct. 22, 2012) (citing *Hafiz v. Greenpoint Mortg. Funding, Inc.,* 652 F.Supp.2d 1039, 1043 (9th

11 | Cir. 2009)).  As a discussed above, Defendants did not owe Plaintiffs a duty of care and therefore

12 | there was no fiduciary relationship.  The claim fails.  *See Shapouri* , 2012 WL 5285910 at *3;

13 | *Canales*, 2011 WL 3320478 at *8.

14 | **L.**   **The Claims For Money Had And Received And Quantum Merit Fail**

15 |      To state a cause of action for Money Had and Received, Plaintiffs must allege that

16 | Defendants are "indebted to the [them] in a certain sum for money had and received by the

17 | defendant[s] for the use of the plaintiff[s]." *Ogilvie v. Select Portfolio Servicing*, 2012 WL

18 | 4891583, *9 (N.D. Cal. Oct. 8, 2012) (citations and quotations omitted).  The elements are "(1) the

19 | statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc.,

20 | and (3) nonpayment ." *Id.*  However, when Plaintiffs owe money under an existing deed of trust

21 | they must allege they tendered the amount owed under the loan to state a claim. *Fammilop v.*

22 | *Wells Fargo Bank, N.A.*, 2011 WL 61614, *4 (C.D. Cal. Jan. 4, 2011) (dismissing claim for

23 | money had and received because plaintiffs had not tendered the amount owed the loan); *see also*

24 | *Ogilvie*, 2012 WL 4891583 at &9 (dismissing claim because Plaintiffs did not dispute they

25 | obtained loan from Defendants).  Similarly, Quantum Meruit applies "[w]here one obtains a

26 | benefit which he may not justly retain." *Nguyen v. Bank of America Nat. Ass'n*, 2011 WL

27 | 5574917, *9 (N.D. Cal. Nov. 15, 2011) (quoting *McBride v. Boughton*, 123 Cal.App.4th 379, 388

28 | n. 6 (2004)).

1       Here, Plaintiffs have not alleged they tendered the amount due on the loan.  Nor do they

2   dispute that they owe the nearly one million dollar unpaid balance on loan, therefore the payments

3   they made did not cause Defendants to be indebted to Plaintiffs.  This was money Plaintiffs

4   rightfully owed Defendants pursuant to the Deed of Trust.  Further, as discussed above, their

5   allegation that Aurora did not credit their payments is nothing more than a conclusion and

6   therefore is not entitled to the assumption of truth.  *See Iqbal*, 556 U.S. at 678 ("[A] pleading that

7   offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not

8   [survive a motion to dismiss]").

9   **M.    The UCL Claim Is Derivative Of Plaintiffs' Other Causes Of Action And Therefore**

10         **Fails**

11      Plaintiffs' UCL claim is based entirely on the other causes of action and therefore should

12  be dismissed for the reasons stated above.  *Ogilvie*, 2012 WL 4891583 at *9 (dismissing

13  borrower's UCL claim in wrongful foreclosure action on grounds it was "wholly derivative" of

14  other causes of action that failed); *see also Harvey v. Bank of America*, N.A., 2013 WL 632088,

15  *6 (N.D. Cal. Feb. 20, 2013) (same).

16                      **IV.  CONCLUSION**

17      For the reasons set forth herein, Defendants request that the Motion to Dismiss Plaintiffs'

18  Complaint be granted without leave to amend and judgment be entered in favor of Defendants.

19

20  DATED: March 4 2014                SEVERSON & WERSON

                                    A Professional Corporation

21

22

23                                By:        /s/R. Travis Campbell

                                      R. Travis Campbell

24

25                                Attorneys for Defendants

                              NATIONSTAR MORTGAGE, LLC and AURORA

26                                COMMERCIAL CORP. (erroneously sued as

                              AURORA LOAN SERVICES)

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF