1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11  TODD SHARP and MARIA SHARP,          )  Case No.: 14-CV-00831-LHK
    individuals,                          )
12                                        )
                                          )
13              Plaintiffs,               )  ORDER GRANTING DEFENDANT'S
                                          )  MOTION TO DISMISS
14        v.                              )
                                          )
15  NATIONSTAR MORTGAGE, LLC, and         )
    unknown business entity; AURORA       )
16  COMMERCIAL CORP., an unknown business )
    entity; and DOES 1 through 25, inclusive, )
17                                        )
                Defendants.               )
18  _____ )

19        Plaintiffs Todd Sharp and Maria Sharp ("the Sharps") allege that Defendants Nationstar

20  Mortgage, LLC ("Nationstar") and Aurora Commercial Corp. ("Aurora") (collectively,

21  "Defendants") engaged in predatory lending practices to Plaintiffs' detriment. Before the Court is

22  Defendants' Motion to Dismiss. ECF No. 11. The Motion has been fully briefed. The Court finds

23  the matter suitable for decision without oral argument under Civil Local Rule 7-1(b) and

24  VACATES the hearing set for September 4, 2014, at 1:30 p.m. Having considered the submissions

25  of the parties and relevant law, the Court GRANTS Defendants' Motion to Dismiss without

26  prejudice for the reasons stated below.

27  I.      BACKGROUND

28          A.      Factual Background

1

United States District Court
For the Northern District of California

On or around September 27, 2006, the Sharps took out a $997,500 loan from Blue Adobe Financial Services, Inc. ("Blue Adobe") secured by a deed of trust against real property located at 25011 Hidden Mesa Court, Monterey, California ("the property"). ("SAC") ECF No. 8 ¶¶ 1, 10-11.

### 1.     Foreclosure Timeline

Due to the Sharps' failure to stay current on the loan, Cal-Western Reconveyance recorded a notice of default on June 17, 2009. *Id.* ¶¶ 13-14. On November 15, 2010, the deed of trust was assigned to Aurora. ECF No. 11-2 at 8. After the Sharps failed to cure the delinquency, a notice of trustee's sale was recorded on December 15, 2010, setting a sale date of January 4, 2011. *Id.* at 5. The sale did not proceed, however, and on June 28, 2012, Aurora assigned the deed of trust to Nationstar. *Id.* at 12; SAC ¶ 26.

A second notice of trustee's sale was recorded on December 18, 2012, setting a sale date of January 15, 2013. ECF No. 11-2 at 15. The property was eventually sold at public auction on March 5, 2013, at which time it reverted to Nationstar. *Id.* at 18-19.

After purchasing the property, Nationstar filed an unlawful detainer action against the Sharps in Monterey County Superior Court on March 28, 2013. ECF No. 11-3 at 8; SAC ¶ 28. On July 2, 2013, the state court entered judgment against the Sharps and in favor of Nationstar, and issued a writ of possession. ECF No. 11-3 at 27; ECF No. 11-4 at 2.

### 2.     The Sharps' Allegations

The Sharps allege that sometime prior to February 2009, the Sharps contacted Aurora and requested an alternative to foreclosure. SAC ¶¶ 17-18. On February 17, 2009, following a series of agreements written on Aurora letterhead, the Sharps began making payments to Aurora to avoid foreclosure and to help the Sharps earn the right to refinance. *Id.* The Sharps allege that these written agreements were intended as foreclosure prevention alternatives. *Id.* ¶ 21. The Sharps also allege that in return for these payments, Aurora promised to modify the Sharps' loan. *Id.* ¶¶ 18, 22.

On November 24, 2010, Aurora returned the Sharps' most recent payment and notified the Sharps that the payment did not make the loan current, that the Sharps' had no arrangement with Aurora to bring the loan current, and thus that the loan would be referred to foreclosure. *Id.* ¶ 23.

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The Sharps now bring six causes of action against Defendants: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) promissory estoppel; and (6) negligence. *Id.* at 5-12. The Sharps also bring two additional causes of action against Aurora only concerning the foreclosure postponement payments: (1) conversion and (2) embezzlement. *Id.* at 1.

### 3.    The Sharps' Bankruptcy Petitions

The Sharps have also collectively submitted four bankruptcy petitions and received a series of automatic stays from any act to obtain possession of property of the estate until the time of dismissal or discharge of the bankruptcy proceedings. *See, e.g.*, ECF No. 11-8 at 7 (noting that the court lifted the automatic stay in Todd Sharp's bankruptcy proceeding on December 18, 2013). Maria Sharp filed a bankruptcy petition in the Central District of California on July 23, 2013. ECF No. 11-5 at 6. Todd Sharp filed a bankruptcy petition in the Northern District of California on July 24, 2013. ECF No. 11-4 at 7. Maria filed a second bankruptcy petition in the Central District of California on October 7, 2013, ECF No. 11-6 at 5, and a third bankruptcy petition in the Central District of California on February 3, 2014, ECF No. 11-7 at 5. None of these bankruptcy petitions disclosed the Sharps' claims against Nationstar and Aurora. *See* ECF No. 11-4 at 17 (Todd Sharp acknowledging that he had no "counterclaims of the debtor"); ECF No. 11-5 at 20 (Maria Sharp acknowledging that she had no "counterclaims of the debtor"); ECF No. 11-6 at 19 (same); ECF No. 11-7 at 17 (same).

### B.    Procedural History

On January 6, 2014, the Sharps filed their original complaint in Monterey County Superior Court. ECF No. 1 at 2. On January 22, 2014, the Sharps filed a First Amended Complaint. *Id.* On February 25, 2014, Defendants removed the pleading to this Court. *Id.* Defendants filed a motion to dismiss pursuant to Federal Rule 12(b)(6) on March 4, 2014. ECF No. 5. Rather than respond to Defendants' motion, the Sharps filed the SAC on March 28, 2014.[1] ECF No. 8. On April 8, 2014, Defendants filed the instant Motion to Dismiss. ("Mot.") ECF No. 11. Defendants accompanied

---

[1] The filing of the SAC mooted Defendants' first motion to dismiss. Accordingly, Defendants' first motion to dismiss, ECF No. 5, is DENIED as moot.

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

their Motion with a Request for Judicial Notice. ECF No. 11-1. On April 22, 2014, the Sharps filed an Opposition to the Motion to Dismiss. ("Opp'n") ECF No. 12. Defendants replied on April 29, 2014. ("Reply") ECF No. 13.

## II.      LEGAL STANDARDS

### A.      Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that

United States District Court
For the Northern District of California

1   [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

2   1997) (internal quotation marks and citation omitted).

3        **B.**     **Request for Judicial Notice**

4        The Court generally may not look beyond the four corners of a complaint in ruling on a

5   Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by

6   reference, and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d

7   756, 763 (9th Cir. 2007) (per curiam); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

8   Under the doctrine of incorporation by reference, the Court may consider on a Rule 12(b)(6)

9   motion not only documents attached to the Complaint, but also documents whose contents are

10  alleged in the Complaint, provided the Complaint "necessarily relies" on the documents or contents

11  thereof, the document's authenticity is uncontested, and the document's relevance is uncontested.

12  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The purpose of this rule is to

13  "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon

14  which their claims are based." *Swartz*, 476 F.3d at 763 (alterations omitted) (internal quotation

15  marks omitted).

16       The Court also may take judicial notice of matters that are either (1) generally known

17  within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by

18  resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper

19  subjects of judicial notice when ruling on a motion to dismiss include legislative history reports,

20  *see Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); court documents already in the

21  public record and documents filed in other courts, *see Holder v. Holder*, 305 F.3d 854, 866 (9th

22  Cir. 2002); and publicly accessible websites, *see Caldwell v. Caldwell*, No. 05-4166, 2006 WL

23  618511, at *4 (N.D. Cal. Mar. 13, 2006).

24       **C.**     **Leave to Amend**

25       If the Court determines that the complaint should be dismissed, it must then decide whether

26  to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

27  "should be freely granted when justice so requires," bearing in mind that "the underlying purpose

28  of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

*United States District Court*
*For the Northern District of California*

5

United States District Court
For the Northern District of California

1   technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation

2   marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to

3   'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

4   deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and]

5   futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir.

6   2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

7   **III.    DISCUSSION**

8          Defendants make a series of arguments to support their Motion to Dismiss. First,

9   Defendants argue that the Sharps are judicially estopped from pursuing their claims. Mot. at 4.

10  Second, Defendants argue that the Sharps' misrepresentation claims, conversion claim, and

11  embezzlement claim are both time-barred and insufficiently pleaded. *Id.* at 6-10. Third, Defendants

12  argue that the breach of contract and breach of implied covenant of good faith and fair dealing

13  claims fail because the Sharps have not alleged the existence of a valid contract to modify the loan.

14  *Id.* at 10-12. Fourth, Defendants argue that the Sharps' claim for promissory estoppel is

15  insufficiently pleaded. *Id.* at 12-13. Finally, Defendants argue that the Sharps' negligence claim

16  fails because Aurora and Nationstar did not owe the Sharps any duty of care. *Id.* at 13. As

17  discussed below, the Court concludes that the Sharps are judicially estopped from pursuing this

18  action. Accordingly, the Court does not reach Defendants' remaining arguments.

19         **A.    Judicial Notice**

20         "Even if a document is not attached to a complaint, it may be incorporated by reference into

21  a complaint if the plaintiff refers extensively to the document or the document forms the basis of

22  the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "The defendant

23  may offer such a document, and the district court may treat such a document as part of the

24  complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under

25  Rule 12(b)(6)." *Id.*

26         Here, several of the Sharps' claims for relief depend upon information contained in the

27  Sharps' deeds of trust, the substitutions of trustee, the notice of default, the trustee's deeds upon

28  sale, and the Sharps' four bankruptcy petitions. Moreover, with respect to the documents relating to

the Sharps' bankruptcy proceedings and orders entered in state court, such matters are judicially

noticeable because they are matters of public record. *See Holder*, 305 F.3d at 866. Accordingly, the

Court GRANTS Defendants' request for judicial notice.

### B.    Judicial Estoppel

Defendants move to dismiss the Sharps' claims on the basis of judicial estoppel. Mot at 4.

Specifically, Defendants assert that the Sharps failed to disclose an action against Nationstar and

Aurora on their bankruptcy petitions, and thus are estopped from pursuing the instant litigation. *Id.*

Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, which

precludes a party from gaining an advantage by asserting one position and subsequently taking a

clearly inconsistent position. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.

2001); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). The doctrine applies to prevent a

party from asserting inconsistent positions in different cases, as well as in a single litigation. *Id.* at

783.The Supreme Court has identified three factors that courts may consider in determining

whether to apply the doctrine of judicial estoppel: (1) whether a party's position is "clearly

inconsistent" with its earlier position; (2) whether the first court accepted the party's earlier

position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair

advantage if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). "In addition to

these factors, the Ninth Circuit examines 'whether the party to be estopped acted inadvertently or

with any degree of intent.'" *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp.

2d 1152, 1164 (C.D. Cal. 2008) (internal quotations marks omitted); *see also Montgomery v. Nat'l*

*City Mortg.*, No. 12-1359, 2012 WL 1965601, at *6 (N.D. Cal. May 31, 2012) ("The Ninth Circuit

has noted that '[j]udicial estoppel seeks to prevent the deliberate manipulation of the courts' and,

therefore, it is 'inappropriate . . . when a party's prior position was based on inadvertence or

mistake.' . . . There does not appear to be any good reason as to why this statement should not hold

true in the bankruptcy context . . . ." (quoting *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir.

1997))).

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action

not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure

United States District Court
For the Northern District of California

statements." *Hamilton*, 270 F.3d at 783 (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)). The application of judicial estoppel in the bankruptcy setting is important "to protect the integrity of the bankruptcy process," for "[t]he debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived *by listing all his assets*." *Id.* at 785 (emphasis added). Finally, because the Bankruptcy Code subjects debtors to a "continuing duty to disclose all pending and potential claims," judicial estoppel bars a plaintiff from pursuing a claim that the plaintiff failed to disclose in his bankruptcy proceeding even when the claim arose after the bankruptcy petition was initially filed. *Id.* at 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."); *see also In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) ("The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action." (internal quotation marks omitted)).

In this case, the facts and events upon which the Sharps base their claims occurred between February 17, 2009, when the Sharps began to make foreclosure postponement payments to Aurora, and March 25, 2013, when Nationstar filed an Unlawful Detainer action in state court to obtain ownership of the property. SAC ¶¶ 17-28. Thus, the Sharps had "knowledge of enough facts to know [of] a potential cause of action" against Defendants by the end of March 2013 at the latest.

In spite of being on notice of the existence of facts that purportedly support a cause of action against Defendants, none of the Sharps' four bankruptcy petitions, all of which were filed after March 2013, disclosed any claims against Nationstar or Aurora. *See* ECF No. 11-4 at 17; ECF No. 11-5 at 20; ECF No. 11-6 at 19; ECF No. 11-7 at 17. Maria Sharp's first bankruptcy petition was filed on July 23, 2013, ECF No. 11-5 at 6, while Todd Sharp's bankruptcy petition was filed on July 24, 2013, ECF No. 11-4 at 7. Maria's second and third bankruptcy petitions were filed on October 7, 2013 and February 3, 2014. ECF No. 11-6 at 5; ECF No. 11-7 at 5. Indeed, Maria's

United States District Court
For the Northern District of California

third bankruptcy petition was filed *after* the initiation of this lawsuit.[2] *Compare* ECF No. 1 at 2 (noting that the Sharps filed their original Complaint on January 6, 2014), *with* ECF No. 11-7 at 5 (noting that Maria Sharp filed her third bankruptcy petition on February 3, 2014).

Weighing the factors that govern the application of judicial estoppel, the Court finds that the Sharps are judicially estopped from pursuing their claims in this case. By failing to list claims against Aurora and Nationstar in their bankruptcy petitions, the Sharps have asserted "clearly inconsistent" positions across cases. *See Hamilton*, 270 F.3d at 784 ("[Plaintiff] clearly asserted inconsistent positions. He failed to list his claims against [defendant] as assets on his bankruptcy schedules, and then later sued [defendant] on the same claims."). Further, the bankruptcy courts "accepted" this position and granted the Sharps the benefit of four automatic stays. *See id.* at 784-85 ("Our holding does not imply that the bankruptcy court must actually discharge debts before the judicial acceptance prong may be satisfied. The bankruptcy court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways. . . . [Plaintiff] did enjoy the benefit of [] an automatic stay . . . ."); *see also Swendsen v. Ocwen Loan Servicing, LLC*, No. 13-2082, 2014 WL 1155794, at *5 (E.D. Cal. Mar. 21, 2014) (automatic bankruptcy stay is sufficient to meet judicial acceptance prong); *HPG Corp. v. Aurora Loan Servs., LLC*, 436 B.R. 569, 578 (E.D. Cal 2010) (same).

As to unfair advantage, the Sharps' failure to disclose their claims against defendants deceived the bankruptcy court and thus undermined the integrity of the bankruptcy process. *See Hamilton*, 270 F.3d at 784-85; *see also Swendsen*, 2014 WL 1155794, at *6 ("The law in this area is clear: a plaintiff who has received the benefit of an automatic stay under 11 U.S.C. § 362(a) would receive an unfair advantage by prosecuting claims against a defendant after failing to disclose those claims in his bankruptcy proceedings."). Finally, the SAC does not allege any facts that would indicate that the Sharps' failure to disclose their claims against Defendants was the result of inadvertence or mistake, and the Court is skeptical that any such allegations would be plausible considering that Maria's third bankruptcy petition was filed nearly two weeks after her

[2] The Sharps received the benefit of an automatic stay pursuant to 11 U.S.C. § 362 upon filing each of their petitions. Each petition was subsequently dismissed. *See* ECF No. 11-5 at 2; ECF No. 11-6 at 2; ECF No. 11-7 at 2; ECF No. 11-8 at 2.

9

United States District Court
For the Northern District of California

1    counsel in the instant case filed a first amended complaint, verified by both Todd and Maria Sharp,

2    in the instant case. *See* ECF No. 1-1 at 4, 29.

3            The Sharps' arguments against the application of judicial estoppel are not persuasive. The

4    Sharps acknowledge that they failed to disclose the causes of action set forth in their Complaint in

5    their bankruptcy filings, *See* Opp'n at 5-6. Nevertheless, the Sharps assert that the failure to

6    disclose was "ultimately immaterial as each of the Plaintiffs' Bankruptcies were [*sic*] subsequently

7    dismissed without a Court approved or creditor adopted reorganization plan." *Id.* at 6. The Sharps

8    cite to *Gottlieb v. Kest*, 141 Cal. App. 4th 110 (2006), for the proposition that "when a 'bankruptcy

9    court dismisses a case without confirming a plan of reorganization, judicial estoppel does not bar a

10   claim that should have been discarded in bankruptcy, because nothing that has happened in the

11   bankruptcy court affected any unpaid creditor's right to pursue the debtor.'" Opp'n at 5 (*quoting*

12   *Gottlieb*, 141 Cal. App. 4th at 137-138).

13           *Gottlieb* is a California state court case. Although the Sharps contend that state law controls

14   the application of judicial estoppel here, *id.*, the Ninth Circuit has squarely held that federal law

15   governs the application of judicial estoppel in cases removed from state court. *See Rissetto v.*

16   *Plumbers & Steamfitters Local 343*, 94 F.3d 597, 603 (9th Cir. 1996) ("[F]ederal law governs the

17   application of judicial estoppel in federal court."); *Malfatti v. Mortg. Elec. Registrations Sys., Inc.*,

18   Case No. 11-3142, 2013 WL 3157868, at *6 (N.D. Cal. June 20, 2013) ("Federal law on judicial

19   estoppel governs cases in federal courts regardless of whether they involve state law claims.").

20   Accordingly, *Gottlieb* is not binding on this Court. While the Court acknowledges that *Gottlieb*

21   looked to federal cases in reaching its holding, *see* 141 Cal. App. 4th at 138-41, the Court does not

22   find the reasoning in *Gottlieb* persuasive and instead follows other federal district courts in the

23   Ninth Circuit that have held that obtaining an automatic bankruptcy stay is sufficient "judicial

24   acceptance" to trigger judicial estoppel. *See, e.g.*, *Swendsen*, 2014 WL 1155794, at *5; *HPG Corp.*,

25   436 B.R. at 578.

26           In their Opposition, the Sharps further claim that their repeated failure to disclose their

27   claims against Defendants was an "unintentional mistake[]" resulting from "not having adequate

28   representation." Opp'n at 6. This allegation does not appear in the SAC and is thus not properly

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

considered for purposes of Defendants' Motion to Dismiss. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("When reviewing a motion to dismiss, we consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." (internal quotation marks omitted)). Moreover, Todd Sharp was represented by bankruptcy counsel throughout his proceeding, which lasted from July to December, 2013. *See* ECF No. 11-4. In any event, inadequate legal representation, by itself, is insufficient to establish inadvertence or mistake. *See Montgomery*, 2012 WL 1965601, at *7 (*pro se* plaintiff could not avoid judicial estoppel by claiming that *pro se* status rendered him ignorant of the Bankruptcy Code's disclosure requirements). The Court therefore finds that the Sharps have failed to allege facts to support a claim that the failure to disclose claims against Nationstar and Aurora in the Sharps' bankruptcy petitions was the result of inadvertence or mistake.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Although the Court is doubtful that the Sharps will be able to plead facts sufficient to avoid the application of judicial estoppel in an amended pleading, the possibility that the Sharps may be able to plead facts to establish that the failure to disclose claims against Defendants in the Sharps' bankruptcy petitions resulted from inadvertence or mistake leads the Court to conclude that amendment would not necessarily be futile. Accordingly, the Court will grant leave to amend.

Should the Sharps elect to file an amended complaint, they shall do so within 21 days of this Order. Failure to meet the 21-day deadline or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice. The Sharps may not add new claims or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: September 3, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California