**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11  TODD SHARP and MARIA SHARP,                )   Case No.: 14-CV-00831-LHK
    individuals,                               )
12                                             )
               Plaintiffs,                     )   ORDER GRANTING DEFENDANTS'
13                                             )   MOTION TO DISMISS WITHOUT
          v.                                   )   LEAVE TO AMEND
14                                             )
    NATIONSTAR MORTGAGE, LLC, an               )
15  unknown business entity; AURORA            )
    COMMERCIAL CORP., an unknown business      )
16  entity; and DOES 1 through 25, inclusive,  )
                                               )
17             Defendants.                     )
                                               )
18

19        Plaintiffs Todd Sharp and Maria Sharp ("Plaintiffs") allege that Defendants Nationstar

20  Mortgage, LLC ("Nationstar") and Aurora Commercial Corp. ("Aurora") (collectively,

21  "Defendants") engaged in predatory lending practices to Plaintiffs' detriment.  Before the Court is

22  Defendants' Motion to Dismiss.  ECF No. 21 ("Mot.").  Having considered the submissions of the

23  parties, the relevant law, and the record in this case, the Court GRANTS Defendants' Motion to

24  Dismiss without leave to amend.

25  **I.      BACKGROUND**

26       **A.      Factual Background**

27        On or around September 27, 2006, Plaintiffs took out a $997,500.00 loan from Blue Adobe

28  Financial Services, Inc. secured by a deed of trust against real property located at 25011 Hidden

1

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

1    Mesa Court, Monterey, California 93940 (the "Property").  ECF No. 18, Third Amended

2    Complaint ("TAC") ¶¶ 1, 13-14.

3                    **1.        Foreclosure Timeline**

4          Due to Plaintiffs' failure to stay current on the loan, Cal-Western Reconveyance recorded a

5    notice of default on June 17, 2009.  TAC ¶¶ 18-19.  On November 15, 2010, the deed of trust was

6    assigned to Aurora.  ECF No. 22-5.  After Plaintiffs failed to cure the delinquency, a notice of

7    trustee's sale was recorded on December 15, 2010, setting a sale date of January 4, 2011.  ECF No.

8    22-4.  The sale did not proceed, however, and on June 28, 2012, Aurora assigned the deed of trust

9    to Nationstar.  ECF No. 22-6; TAC ¶ 38.

10         A second notice of trustee's sale was recorded on December 18, 2012, setting a sale date of

11   January 15, 2013.  ECF No. 22-7.  The Property was eventually sold at public auction on March 5,

12   2013, at which time it reverted to Nationstar.  ECF No. 22-8.

13         After purchasing the Property, Nationstar filed an unlawful detainer action against Plaintiffs

14   in Monterey County Superior Court on March 28, 2013.  ECF No. 22-9; TAC ¶ 42.  On July 2,

15   2013, the state court entered judgment against Plaintiffs and in favor of Nationstar, and issued a

16   writ of possession.  ECF No. 22-10; ECF No. 22-11.

17                    **2.        Plaintiffs' Allegations**

18         Plaintiffs allege that sometime prior to February 2009 Plaintiffs contacted Aurora and

19   requested an alternative to foreclosure.  TAC ¶¶ 24.  On February 17, 2009, following a series of

20   "workout agreements" written on Aurora letterhead, Plaintiffs began making payments to Aurora

21   to avoid foreclosure and to help Plaintiffs earn the right to refinance.  *Id.* ¶¶ 26-27.  Plaintiffs allege

22   that these written agreements were intended as foreclosure prevention alternatives.  *Id.* ¶ 31.

23   Plaintiffs allege further that in return for these payments, Aurora promised to modify Plaintiffs'

24   loan.  *Id.* ¶ 32.

25         On November 24, 2010, Aurora returned Plaintiffs' most recent payment, notifying

26   Plaintiffs that their payment did not make the loan current, that Plaintiffs had no arrangement with

27   Aurora to bring the loan current, and that the loan would be referred to foreclosure as a result.

28   TAC ¶ 33.

*United States District Court*
*For the Northern District of California*

2

1          On this basis, Plaintiffs assert six causes of action against Defendants: (1) intentional

2   misrepresentation; (2) negligent misrepresentation; (3) breach of contract; (4) breach of the implied

3   covenant of good faith and fair dealing; (5) promissory estoppel; and (6) negligence.  TAC ¶¶ 59-

4   75, 91-121.  Plaintiffs bring two additional causes of action against Aurora only concerning the

5   foreclosure postponement payments: (1) conversion; and (2) embezzlement.  *Id.* ¶¶ 76-90.

6                    **3.       Plaintiffs' Bankruptcy Petitions**

7          Plaintiffs have collectively submitted four bankruptcy petitions and received a series of

8   automatic stays from any act to obtain possession of property of the estate until the time of

9   dismissal or discharge of the bankruptcy proceedings.  *See, e.g.*, ECF No. 22-25 at 7 (noting that

10  the court lifted the automatic stay in Todd Sharp's bankruptcy proceeding on December 18, 2013).

11         On July 24, 2013, a bankruptcy petition was filed on behalf of Todd Sharp in the Northern

12  District of California.  ECF No. 22-12.  According to Plaintiffs, this "inadequate and incomplete"

13  petition was filed by Gregory Lowe ("Lowe"), an attorney with Capital Law.  TAC ¶¶ 50-51.

14         Plaintiffs allege that a company known as "Help U Stay" filed three additional

15  bankruptcies, all in the Central District of California, on behalf of Maria Sharp.  TAC ¶¶ 52-53.

16  The first petition was filed on July 23, 2013, ECF No. 22-15; the second on October 7, 2013, ECF

17  No. 22-18; and the third on February 3, 2014, ECF No. 22-21.

18         None of the four bankruptcy petitions disclosed Plaintiffs' claims against Nationstar and

19  Aurora.  *See* ECF No. 22-12 at 12 (Todd Sharp listing no "counterclaims of the debtor"); ECF No.

20  22-15 at 16 (Maria Sharp listing no "counterclaims of the debtor"); ECF No. 22-18 at 16 (same);

21  ECF No. 22-21 at 14 (same).  All four bankruptcies were ultimately dismissed for Plaintiffs' failure

22  to appear or to file required documents.  *See* ECF No. 22-14; ECF No. 22-17; ECF No. 22-20; ECF

23  No. 22-23.  After her third bankruptcy petition was dismissed on March 20, 2014, Maria Sharp was

24  "prohibited from filing any new bankruptcy petition within 180 days of th[at] date."  ECF No. 22-

25  23 at 2.

26                   **B.       Procedural History**

27         On January 6, 2014, Plaintiffs filed their original complaint in Monterey County Superior

28  Court.  ECF No. 1.  On January 22, 2014, Plaintiffs filed a First Amended Complaint ("FAC").  *Id.*

United States District Court
For the Northern District of California

3

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

1    On February 25, 2014, Defendants removed the case to this Court. *Id.* Defendants moved to

2    dismiss Plaintiffs' FAC on March 4, 2014. ECF No. 5. Rather than respond to Defendants'

3    motion, Plaintiffs filed a Second Amended Complaint ("SAC") on March 28, 2014, ECF No. 8,

4    which mooted Defendants' motion, *see* ECF No. 16 at 3 n.1.

5          On April 8, 2014, Defendants moved to dismiss Plaintiffs' SAC. ECF No. 11. Plaintiffs

6    opposed the motion on April 22, 2014, ECF No. 12, and Defendants replied on April 29, 2014,

7    ECF No. 13. On September 3, 2014, the Court granted Defendants' motion, concluding that

8    Plaintiffs were "judicially estopped from pursuing their claims in this case" because "none of

9    [Plaintiffs'] four bankruptcy petitions, all of which were filed after March 2013, disclosed any

10   claims against Nationstar or Aurora." ECF No. 16 at 8-9. Although the Court was "doubtful that

11   [Plaintiffs] will be able to plead facts sufficient to avoid the application of judicial estoppel in an

12   amended pleading," the Court granted leave to amend in case Plaintiffs could "plead facts to

13   establish that the failure to disclose claims against Defendants in [Plaintiffs'] bankruptcy petitions

14   resulted from inadvertence or mistake." *Id.* at 11.

15         Plaintiffs filed their TAC on September 24, 2014, and Defendants filed the instant Motion

16   to Dismiss on October 17, 2014. In connection with this motion, Defendants have also filed a

17   request for judicial notice. ECF No. 22. Plaintiffs filed their Opposition to the instant motion on

18   October 31, 2014. ECF No. 24 ("Opp."). Defendants filed their Reply on November 7, 2014.

19   ECF No. 25.

20   **II.    LEGAL STANDARDS**

21         **A.    Motion to Dismiss**

22         Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

23   short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

24   that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). The Supreme Court

25   has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is

26   plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

27   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

28   inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

*United States District Court*
*For the Northern District of California*

4

1    678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more

2    than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal quotation marks

3    omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual

4    allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the

5    nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

6    2008).

7           The Court, however, need not accept as true allegations contradicted by judicially

8    noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look

9    beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

10   motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

11   1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in

12   the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

13   curiam) (internal quotation marks omitted).  Mere "conclusory allegations of law and unwarranted

14   inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183

15   (9th Cir. 2004).

16          **B.      Request for Judicial Notice**

17          The Court generally may not look beyond the four corners of a complaint in ruling on a

18   Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by

19   reference, and any relevant matters subject to judicial notice.  *See Swartz v. KPMG LLP*, 476 F.3d

20   756, 763 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Under the

21   doctrine of incorporation by reference, the Court may consider on a Rule 12(b)(6) motion not only

22   documents attached to the complaint, but also documents whose contents are alleged therein,

23   provided the complaint "necessarily relies" on the documents or contents thereof, and the

24   documents' authenticity and relevance are uncontested.  *Coto Settlement v. Eisenberg*, 593 F.3d

25   1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89.  The purpose of this rule is to "prevent

26   plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which

27   their claims are based."  *Swartz*, 476 F.3d at 763 (alterations and internal quotation marks omitted).

28

**United States District Court**
For the Northern District of California

5

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

1        The Court also may take judicial notice of matters that are either (1) generally known

2    within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by

3    resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Proper

4    subjects of judicial notice when ruling on a motion to dismiss include legislative history reports,

5    *see Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); court documents already in the

6    public record and documents filed in other courts, *see Holder v. Holder*, 305 F.3d 854, 866 (9th

7    Cir. 2002); and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992,

8    998-99 (9th Cir. 2010).

9        **C.      Leave to Amend**

10        If the Court determines that the complaint should be dismissed, it must then decide whether

11    to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

12    "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule

13    15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v.*

14    *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks

15    omitted).  When dismissing a complaint for failure to state a claim, "a district court should grant

16    leave to amend even if no request to amend the pleading was made, unless it determines that the

17    pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

18    quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing

19    amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

20    moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

21    (9th Cir. 2008).

22    **III.    DISCUSSION**

23        Defendants make a series of arguments in support of their Motion to Dismiss.  First,

24    Defendants argue that the doctrine of collateral estoppel bars Plaintiffs' claims because the state

25    court unlawful detainer judgment secured against Plaintiffs conclusively negates the claims

26    asserted in the TAC, that judgment was final, and Plaintiffs were parties to the unlawful detainer

27    action.  Mot. at 5-7.  Second, Defendants contend that Plaintiffs are judicially estopped from

28    pursuing their claims. *Id.* at 7-9.  Specifically, Defendants assert that Plaintiffs failed to disclose

6

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

United States District Court
For the Northern District of California

1      any causes of action against Nationstar and Aurora on their bankruptcy petitions, and thus are

2      estopped from pursuing the instant litigation.  *Id.*  Lastly, Defendants variously argue that

3      Plaintiffs' claims are time-barred, insufficiently pleaded, or otherwise fail as a matter of law.  *Id.* at

4      9-16.

5            For the reasons explained below, the Court concludes that Plaintiffs are judicially estopped

6      from pursuing this action.  Accordingly, the Court need not reach Defendants' remaining

7      arguments in favor of dismissal.

8            **A.    Judicial Notice**

9            "Even if a document is not attached to a complaint, it may be incorporated by reference into

10     a complaint if the plaintiff refers extensively to the document or the document forms the basis of

11     the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "The defendant

12     may offer such a document, and the district court may treat such a document as part of the

13     complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under

14     Rule 12(b)(6)."  *Id.*

15           Here, several of Plaintiffs' claims for relief depend upon information contained in their

16     deeds of trust, the substitutions of trustee, the notice of default, the trustee's deeds upon sale, and

17     Plaintiffs' four bankruptcy petitions.  Moreover, the documents relating to Plaintiffs' bankruptcy

18     proceedings and orders entered in state court are judicially noticeable because they are matters of

19     public record.  *See Holder*, 305 F.3d at 866.  Accordingly, the Court GRANTS Defendants' request

20     for judicial notice.  *See Hayes v. Wells Fargo Bank, N.A.*, No. 3:13-CV-0420 KAW, 2013 WL

21     4117050, at *3-4 (N.D. Cal. Aug. 12, 2013) (taking judicial notice of similar documents).

22           **B.    Judicial Estoppel**

23           Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, which

24     precludes a party from gaining an advantage by asserting one position and subsequently taking a

25     clearly inconsistent position.  *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th

26     Cir. 2001).  The doctrine applies to prevent a party from asserting inconsistent positions in

27     different cases, as well as in a single litigation.  *Id.* at 783.  The Supreme Court has identified three

28     factors that courts may consider in determining whether to apply the doctrine of judicial estoppel:

United States District Court
For the Northern District of California

7

**United States District Court**
For the Northern District of California

1    (1) whether a party's position is "clearly inconsistent" with its earlier position; (2) whether the first

2    court accepted the party's earlier position; and (3) whether the party seeking to assert an

3    inconsistent position would derive an unfair advantage if not estopped. *New Hampshire v. Maine*,

4    532 U.S. 742, 750-51 (2001). "In addition to these factors, the Ninth Circuit examines whether the

5    party to be estopped acted inadvertently or with any degree of intent." *Milton H. Greene Archives,*

6    *Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1164 (C.D. Cal. 2008) (internal quotation

7    marks omitted). "If incompatible positions are based not on chicanery, but only on inadvertence or

8    mistake, judicial estoppel does not apply." *Johnson v. Or. Dep't of Human Res.*, 141 F.3d 1361,

9    1369 (9th Cir. 1998).

10           "In the bankruptcy context, the federal courts have developed a basic default rule: If a

11   plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and

12   obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin v. Cnty. of*

13   *Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). The application of judicial estoppel in

14   the bankruptcy setting is important "to protect the integrity of the bankruptcy process," for "[t]he

15   debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay

16   and the benefits derived *by listing all his assets*." *Hamilton*, 270 F.3d at 785 (emphasis added).

17   Further, because the Bankruptcy Code subjects debtors to a continuing duty to disclose all pending

18   and potential claims, *see* 11 U.S.C. § 521(a)(1), judicial estoppel bars a plaintiff from pursuing a

19   claim that the plaintiff failed to disclose in his bankruptcy proceeding even when the claim arose

20   after the bankruptcy petition was initially filed, *see Hamilton*, 270 F.3d at 785. Indeed, "[j]udicial

21   estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential

22   cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or

23   disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784; *see also Ah*

24   *Quin*, 733 F.3d at 272-73 (applying "a presumption of deliberate manipulation" where "a plaintiff-

25   debtor has *not* reopened bankruptcy proceedings" and "filed amended bankruptcy schedules that

26   properly listed this claim as an asset").

27           In this case, the facts and events upon which Plaintiffs base their claims occurred between

28   February 17, 2009, when Plaintiffs began to make foreclosure postponement payments to Aurora,

8

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

1   and March 28, 2013, when Nationstar filed an unlawful detainer action in state court to obtain

2   ownership of the property.  TAC ¶¶ 24-42.  Thus, Plaintiffs had "knowledge of enough facts to

3   know [of] a potential cause of action" against Defendants by the end of March 2013 at the latest.

4   *Hamilton*, 270 F.3d at 784.

5   Despite being on notice of the existence of facts that purportedly support a cause of action

6   against Defendants, none of Plaintiffs' four bankruptcy petitions, all of which were filed after

7   March 2013, disclosed any claims against Nationstar or Aurora.  *See* ECF No. 22-12 at 12; ECF

8   No. 22-15 at 16; ECF No. 22-18 at 16; ECF No. 22-21 at 14.  In fact, Maria Sharp's third

9   bankruptcy petition was filed after the initiation of this lawsuit.[1]  *Compare* ECF No. 1 at 2 (noting

10  that Plaintiffs filed their original complaint on January 6, 2014), *with* ECF No. 22-21 at 2 (noting

11  that Maria Sharp filed her third bankruptcy petition on February 3, 2014).

12  Weighing the factors that govern the application of judicial estoppel, the Court finds once

13  again that Plaintiffs are judicially estopped from pursuing their claims in this case.  First, by failing

14  to list claims against Aurora and Nationstar in their bankruptcy petitions, Plaintiffs have asserted

15  "clearly inconsistent" positions across cases.  *See Hamilton*, 270 F.3d at 784 ("[Plaintiff] clearly

16  asserted inconsistent positions.  He failed to list his claims against [defendant] as assets on his

17  bankruptcy schedules, and then later sued [defendant] on the same claims.").  Plaintiffs concede as

18  much.  *See* Opp. at 8 ("The inconsistency here is that in Todd Sharp's bankruptcy he did not

19  disclose the misconduct of Aurora or Nationstar.  The subsequent bankruptcies . . . also failed to

20  mention these claims.").

21  Second, the bankruptcy courts "accepted" Plaintiffs' position and granted them the benefit

22  of four automatic stays pursuant to 11 U.S.C. § 362.  *See Hamilton*, 270 F.3d at 784-85 ("Our

23  holding does not imply that the bankruptcy court must actually discharge debts before the judicial

24  acceptance prong may be satisfied.  The bankruptcy court may 'accept' the debtor's assertions by

25  relying on the debtor's nondisclosure of potential claims in many other ways. . . .  [Plaintiff] did

26

27  _____

    [1] Plaintiffs received the benefit of an automatic stay pursuant to 11 U.S.C. § 362 upon filing
28  each of their petitions.  Each petition was subsequently dismissed.  *See* ECF No. 22-14; ECF No.
    22-17; ECF No. 22-20; ECF No. 22-23.

9

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

**United States District Court**
For the Northern District of California

1    enjoy the benefit of [] an automatic stay . . . ."); *see also Swendsen v. Ocwen Loan Servicing, LLC*,

2    No. 13-2082, 2014 WL 1155794, at *5-6 (E.D. Cal. Mar. 21, 2014) (automatic bankruptcy stay is

3    sufficient to meet judicial acceptance prong); *HPG Corp. v. Aurora Loan Servs., LLC*, 436 B.R.

4    569, 578 (E.D. Cal 2010) (same).  Plaintiffs do not disagree.  *See* Opp. at 8.

5         Lastly, as to unfair advantage, Plaintiffs' repeated failure to disclose their claims against

6    defendants deceived the bankruptcy court and thus undermined the integrity of the bankruptcy

7    process.  *See Hamilton*, 270 F.3d at 784-85; *see also Swendsen*, 2014 WL 1155794, at *6 ("The

8    law in this area is clear: a plaintiff who has received the benefit of an automatic stay under 11

9    U.S.C. § 362(a) would receive an unfair advantage by prosecuting claims against a defendant after

10    failing to disclose those claims in his bankruptcy proceedings.").

11        In response, Plaintiffs advance a variant of the "inadvertence or mistake" defense to judicial

12    estoppel: they attempt to shift the blame to other parties.  *See Ah Quin*, 733 F.3d at 271-78.  "[I]t

13    was not," Plaintiffs argue "the chicanery, misrepresentation, mistake or inadvertence *of the*

14    *Plaintiffs* which resulted in the claims being absent from their bankruptcy schedules."  Opp. at 9

15    (emphasis added).  "Rather, it was the fault of Gregory Lowe and later Help U Stay," Plaintiffs

16    contend.  *Id.*  With respect to Todd Sharp's bankruptcy filing of July 24, 2013, Plaintiffs allege that

17    Lowe, an attorney with Capital Law, filed an "inadequate and incomplete" petition on Todd

18    Sharp's behalf.  TAC ¶ 50.  As evidence of counsel's malpractice, Plaintiffs allege further that

19    "Lowe was ordered by the Northern District Bankruptcy Court on December 6, 2013 to return

20    funds to the[m]."  *Id.* ¶ 51; *see also* ECF No. 18-2 at 49.  With respect to the three additional

21    "incomplete" bankruptcy petitions naming Maria Sharp but supposedly filed by Help U Stay,

22    including the one filed after this lawsuit began, Plaintiffs claim that they "were not informed of

23    these ban[k]ruptcies."  TAC ¶ 53.

24        The Court is not convinced.  To begin, the Court notes that in Plaintiffs' opposition to

25    Defendants' initial motion to dismiss, Plaintiffs claimed that their repeated failure to disclose their

26    claims against Defendants was an "unintentional mistake[]" resulting from "not having adequate

27    representation."  ECF No. 12 at 6.  Plaintiffs, thus, have changed their tune.  In addition, the

28    judicially noticeable record indicates that Plaintiffs have engaged in a pattern of filing skeletal

10

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

**United States District Court**
For the Northern District of California

1    bankruptcies (or having others file such bankruptcies on their behalf), obtaining an automatic stay,

2    and then failing to appear at the scheduled meeting of creditors or failing to file required

3    documents.  *See* ECF No. 22-14; ECF No. 22-17; ECF No. 22-20; ECF No. 22-23.  In fact, after

4    her third bankruptcy petition was dismissed on March 20, 2014, Maria Sharp was "prohibited from

5    filing any new bankruptcy petition within 180 days of th[at] date."  ECF No. 22-23 at 2.  Plaintiffs'

6    allegation that a third party was filing rogue petitions naming Maria Sharp is simply not credible.

7    Importantly, Plaintiffs do not allege that they ever corrected any of the four bankruptcy filings to

8    include their claims against Defendants.  *See Ah Quin*, 733 F.3d at 272 ("A key factor is that

9    Plaintiff reopened her bankruptcy proceedings and filed amended bankruptcy schedules that

10   properly listed this claim as an asset.").  As a result, the Court applies "a presumption of deliberate

11   manipulation" that Plaintiffs, for the reasons stated, have not overcome.  *Id.* at 273.

12          Plaintiffs' citations to *Just Film, Inc. v. Merchant Services, Inc.*, 873 F. Supp. 2d 1171

13   (N.D. Cal. 2012), and *Gaudin v. Saxon Mortgage Services, Inc.*, 820 F. Supp. 2d 1051 (N.D. Cal.

14   2011), are unavailing.  In *Just Film*, the court declined to apply judicial estoppel because the

15   plaintiff-debtor had "told his bankruptcy attorney about this case during the original bankruptcy

16   proceedings," but the attorney had "failed to include it in the schedule."  873 F. Supp. 2d at 1179.

17   Moreover, the "undisputed evidence" in *Just Film* established that the plaintiff-debtor had "directly

18   told the trustee about this case at the initial creditors' meeting" and had "re-opened the case and

19   remedied his error."  *Id.*  Here, by contrast, at least two of Plaintiffs' bankruptcy petitions were

20   dismissed for failure to appear at the creditors' meetings, *see* ECF No. 22-17; ECF No. 22-20, and

21   Plaintiffs never corrected any of their disclosures.  *Gaudin*, on the other hand, does not even

22   concern the defense of inadvertence or mistake.  There, the court found that the defendant had not

23   "shown how any position Gaudin took in the bankruptcy action is inconsistent with her position

24   here."  *Gaudin*, 820 F. Supp. 2d at 1053.  Here, of course, Plaintiffs concede that they have taken

25   inconsistent positions in their bankruptcy filings.  *See* Opp. at 8.  *Gaudin* is therefore inapposite.

26          The Court therefore finds that Plaintiffs have failed to allege facts plausibly suggesting that

27   their repeated failure to disclose claims against Nationstar and Aurora in Plaintiffs' bankruptcy

28   petitions was the result of inadvertence or mistake.  Having weighed the relevant factors, the Court

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND

United States District Court
For the Northern District of California

1    concludes in its discretion that Plaintiffs are judicially estopped from pursuing their claims in the

2    instant lawsuit.

3    **IV.    CONCLUSION**

4    　　For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss.  Plaintiffs

5    have had an opportunity to cure the deficiencies identified in the Court's prior order dismissing

6    Plaintiffs' claims on judicial estoppel grounds, and they have failed to do so.  Accordingly, the

7    Court finds that further amendment would be futile and will not grant leave to amend.  *See Mujica*

8    *v. AirScan Inc.*, 771 F.3d 580, 593 & n.8 (9th Cir. 2014).

9    　　The Clerk shall close the case file.

10   **IT IS SO ORDERED.**

11



12   Dated: January 7, 2015

13   LUCY H. KOH
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

12

Case No.: 14-CV-00831-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND