UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TODD SHARP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, et al., <br><br> Defendants. | Case No. 14-CV-00831-LHK <br><br> **ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES** <br><br> Re: Dkt. No. 48 |

Todd Sharp and Mary Sharp (collectively "Plaintiffs") sued Nationstar Mortgage LLC and Aurora Loan Services (collectively "Defendants") for alleged predatory lending practices. ECF No. 1 ("Notice of Removal"). Before the Court is Defendants' Motion to Expunge Lis Pendens. ECF No. 48 ("Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendants' Motion to Expunge Lis Pendens and requires additional documentation for Defendants' requested attorney's fees.

I.      **BACKGROUND**

A.      **Factual Background**

On or around September 27, 2006, Plaintiffs took out a $997,500 loan from Blue Adobe

1

United States District Court
Northern District of California

Financial Services, Inc. secured by a deed of trust against real property located at 25011 Hidden Mesa Court, Monterey, California 93940 (the "Property"). ECF No. 18, Third Amended Complaint ("TAC") ¶¶ 1, 13-14.

### 1.    Foreclosure Timeline

Due to Plaintiffs' failure to stay current on the loan, Cal-Western Reconveyance recorded a notice of default on June 17, 2009. TAC ¶¶ 18–19. On November 15, 2010, the deed of trust was assigned to Aurora. ECF No. 22-5. After Plaintiffs failed to cure the delinquency, a notice of trustee's sale was recorded on December 15, 2010, setting a sale date of January 4, 2011. ECF No. 22-4. The sale did not proceed, however, and on June 28, 2012, Aurora assigned the deed of trust to Nationstar. ECF No. 22-6; TAC ¶ 38. A second notice of trustee's sale was recorded on December 18, 2012, setting a sale date of January 15, 2013. ECF No. 22-7. The Property was eventually sold at public auction on March 5, 2013, at which time it reverted to Nationstar. ECF No. 22-8. After purchasing the Property, Nationstar filed an unlawful detainer action against Plaintiffs in Monterey County Superior Court on March 28, 2013. ECF No. 22-9; TAC ¶ 42. On July 2, 2013, the state court entered judgment against Plaintiffs and in favor of Nationstar, and issued a writ of possession. ECF No. 22-10; ECF No. 22-11.

### 2.    Plaintiff's Allegations

Plaintiffs allege that sometime prior to February 2009 Plaintiffs contacted Aurora and requested an alternative to foreclosure. TAC ¶¶ 24. On February 17, 2009, following a series of "workout agreements" written on Aurora letterhead, Plaintiffs began making payments to Aurora to avoid foreclosure and to help Plaintiffs earn the right to refinance. *Id.* ¶¶ 26–27. Plaintiffs allege that these written agreements were intended as foreclosure prevention alternatives. *Id.* ¶ 31. Plaintiffs allege further that in return for these payments, Aurora promised to modify Plaintiffs' loan. *Id.* ¶ 32.

On November 24, 2010, Aurora returned Plaintiffs' most recent payment, notifying Plaintiffs that their payment did not make the loan current, that Plaintiffs had no arrangement with

Case No. 14-CV-00831-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

Aurora to bring the loan current, and that the loan would be referred to foreclosure as a result. TAC ¶ 33.

On this basis, Plaintiffs assert six causes of action against Defendants: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) promissory estoppel; and (6) negligence. TAC ¶¶ 59- 75, 91-121.  Plaintiffs bring two additional causes of action against only Aurora concerning the foreclosure postponement payments: (1) conversion; and (2) embezzlement.  *Id.* ¶¶ 76–90.

### 3.     Plaintiffs' Bankruptcy Petitions

Plaintiffs have collectively submitted four bankruptcy petitions and received a series of automatic stays from any act to obtain possession of property of the estate until the time of dismissal or discharge of the bankruptcy proceedings.  *See, e.g.*, ECF No. 22-25 at 7 (noting that the court lifted the automatic stay in Todd Sharp's bankruptcy proceeding on December 18, 2013).

On July 24, 2013, a bankruptcy petition was filed on behalf of Todd Sharp in the Northern District of California.  ECF No. 22-12.  According to Plaintiffs, this "inadequate and incomplete" petition was filed by Gregory Lowe ("Lowe"), an attorney with Capital Law.  TAC ¶¶ 50–51.

Plaintiffs allege that a company known as "Help U Stay" filed three additional bankruptcies, all in the Central District of California, on behalf of Maria Sharp.  TAC ¶¶ 52–53. The first petition was filed on July 23, 2013, ECF No. 22-15; the second on October 7, 2013, ECF No. 22-18; and the third on February 3, 2014, ECF No. 22-21.

None of the four bankruptcy petitions disclosed Plaintiffs' claims against Nationstar and Aurora.  *See* ECF No. 22-12 at 12 (Todd Sharp listing no "counterclaims of the debtor"); ECF No. 22-15 at 16 (Maria Sharp listing no "counterclaims of the debtor"); ECF No. 22-18 at 16 (same); ECF No. 22-21 at 14 (same).  All four bankruptcies were ultimately dismissed for Plaintiffs' failure to appear or to file required documents.  *See* ECF No. 22-14; ECF No. 22-17; ECF No. 22-20; ECF No. 22-23.  After her third bankruptcy petition was dismissed on March 20, 2014, Maria

Case No. 14-CV-00831-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

1    Sharp was "prohibited from filing any new bankruptcy petition within 180 days of th[at] date."

2    ECF No. 22-23 at 2.

3        **B.    Procedural History**

4        On January 6, 2014, Plaintiffs filed their original complaint in Monterey County Superior

5    Court.  ECF No. 1.  On January 22, 2014, Plaintiffs filed a First Amended Complaint ("FAC").  *Id*

6    On February 25, 2014, Defendants removed the case to this Court.  *Id.*  Defendants moved to

7    dismiss Plaintiffs' FAC on March 4, 2014.  ECF No. 5.  Rather than respond to Defendants'

8    motion, Plaintiffs filed a Second Amended Complaint ("SAC") on March 28, 2014, ECF No. 8,

9    which mooted Defendants' motion, *see* ECF No. 16 at 3 n.1.

10       On April 8, 2014, Defendants moved to dismiss Plaintiffs' SAC.  ECF No. 11.  Plaintiffs

11   opposed the motion on April 22, 2014, ECF No. 12, and Defendants replied on April 29, 2014,

12   ECF No. 13.  On September 3, 2014, the Court granted Defendants' motion and concluded that

13   Plaintiffs were "judicially estopped from pursuing their claims in this case" because "none of

14   [Plaintiffs'] four bankruptcy petitions, all of which were filed after March 2013, disclosed any

15   claims against Nationstar or Aurora."  ECF No. 16 at 8–9.  Although the Court was "doubtful that

16   [Plaintiffs] will be able to plead facts sufficient to avoid the application of judicial estoppel in an

17   amended pleading," the Court granted leave to amend in case Plaintiffs could "plead facts to

18   establish that the failure to disclose claims against Defendants in [Plaintiffs'] bankruptcy petitions

19   resulted from inadvertence or mistake."  *Id.* at 11.

20       Plaintiffs filed their Third Amended Complaint ("TAC") on September 24, 2014, and

21   Defendants filed a Motion to Dismiss on October 17, 2014, ECF No. 21.  On January 7, 2015, the

22   Court granted Defendants' Motion to Dismiss without leave to amend.  ECF No. 37 ("Jan. 7, 2015

23   Order").  Judgment was entered against Plaintiffs on January 8, 2015.  ECF No. 38.  On January

24   14, 2015, Plaintiffs filed a notice of appeal.  ECF No. 40.

25       On May 26, 2015, Plaintiffs filed their opening brief with the Ninth Circuit.  Ninth Cir.

26   Case No. 15-15066, ECF No. 10.  On August 16, 2015, Defendants filed an answering brief with

27

28   Case No. 14-CV-00831-LHK
     ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
     DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

4

1  the Ninth Circuit. *Id.* ECF No. 18.  The appeal is currently pending and scheduled for argument in

2  January 2017.  *Id.* ECF No. 22.

3         On July 22, 2016, Defendants filed the instant Motion to Expunge Lis Pendens and Motion

4  for Attorney's Fees, and an associated Motion for Judicial Notice, ECF No. 49 ("MJN").  On

5  August 12, 2016, Plaintiff responded, ECF No. 52 ("Resp."), and on August 19, 2016, Defendants

6  replied, ECF No. 53 ("Reply").

7  **II.     DISCUSSION**

8         The Court first discusses Defendants' Motion for Judicial Notice, then discusses

9  Defendants' Motion to Expunge Lis Pendens, and finally, discusses Defendants' Motion for

10  Attorney's Fees.

11        **A.     Judicial Notice**

12        The Court first addresses Defendants' unopposed request for judicial notice.  ECF No. 49.

13  The Court may take judicial notice of matters that are either "generally known within the trial

14  court's territorial jurisdiction" or "can be accurately and readily determined from sources whose

15  accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Public records, including

16  judgments and other court documents, are proper subjects of judicial notice.  *See, e.g.*, *United*

17  *States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in

18  other courts, both within and without the federal judicial system, if those proceedings have a direct

19  relation to matters at issue.").  Records filed with a county recorder are also judicially noticeable

20  as undisputed public records.  *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375

21  F.3d 861, 866 n.1 (9th Cir. 2004) ("Under Federal Rule of Evidence 201, we may take judicial

22  notice of the records of state agencies and other undisputed matters of public record.").

23        First, Defendants seek judicial notice of (1) a February 10, 2014 Notice of Pendency of

24  Action and (2) a January 16, 2015 Notice of Pendency of Action and Appeal.  Both documents are

25  recorded in the official records of the Monterey County Recorder's Office.  ECF No. 49 ¶¶ 1–2;

26  ECF Nos. 49-1 Exs. A & B.  The Court GRANTS this request for judicial notice as to ECF Nos.

27

28  Case No. 14-CV-00831-LHK
   ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
   DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

United States District Court
Northern District of California

49-1 Exs. A & B, as these are documents filed with the Monterey County Recorder's Office, and the type of documents of which courts routinely take judicial notice. *See, e.g.*, *Disabled Rights*, 375 F.3d at 866 n.1; *Liebelt v. Quality Loan Serv. Corp.*, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) (taking judicial notice of trustee's deed upon sale); *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1196 (E.D. Cal. 2010) (taking notice of publicly-recorded documents related to foreclosure). However, to the extent any of the facts in these documents are disputed, the Court does not take judicial notice of those facts. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute.") (internal quotation marks omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Second, Defendants seek judicial notice of a copy of Plaintiffs' opening brief on appeal and Defendants' answering brief on appeal in the instant suit. ECF No. 49 ¶¶ 3–4; ECF No. 49-1 Exs. C & D. The Court GRANTS the request for judicial notice as to ECF No. 49-1 Exs. C & D, as these are filings in the federal appellate proceedings in the appeal of this case. *See Black*, 482 F.3d at 1041; *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."). However, as noted above, to the extent any of the facts in these documents are disputed, the Court does not take judicial notice of those facts. *See Lee*, 250 F.3d at 689 ("A court may take judicial notice of matters of public record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute.") (internal quotation marks omitted).

### B.    Motion to Expunge Lis Pendens

#### 1.    Standard

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice." *Urez*

Case No. 14-CV-00831-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

1    *Corp. v. Superior Court*, 190 Cal. App. 3d 141, 1144 (1987).  "Federal courts look to the law of

2    the state where the property resides in matters concerning lis pendens."  *Carnero v. Fed. Home*

3    *Loan Mortg. Corp.*, 2012 WL 195408, at *2 (N.D. Cal. Jan. 23, 2012) (citing 28 U.S.C. § 1964).

4    Under California law, at any time after a notice of pendency of action has been recorded, any party

5    may apply to the court in which the action is pending to expunge the notice of lis pendens.  Cal.

6    Civ. Proc. Code § 405.30 ("[A]ny party . . . may apply to the court in which the action is pending

7    to expunge the notice.").  The party opposing expungement bears the burden of proof.  *Id.*  A court

8    must expunge a notice of pendency of action if it determines either that the pleading on which the

9    notice is based does not contain a real property claim, or that the claimant has not established by a

10   preponderance of the evidence the probable validity of the real property claim.  *Id.* §§ 405.31,

11   405.32; *see also id.* § 405.32 cmt. 3 ("This section is intended to . . . require judicial evaluation of

12   the merits.").  The "probable validity" standard in the lis pendens statute is analogous to the

13   "likelihood of success" standard in determining whether to issue a preliminary injunction.

14   *Rabidou v. Wachovia Corp.*, 2015 WL 1737926, at *5 (N.D. Cal. Apr. 8, 2015).

15           After entering judgment in favor of the party moving to expunge a lis pendens, a trial court

16   *must* grant the motion to expunge unless it is more likely than not that the judgment will be

17   reversed on appeal.  *See Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1015

18   (2007) ("[O]n a motion to expunge a lis pendens after judgment against the claimant and while an

19   appeal is pending, the trial court must grant the motion unless it finds it more likely than not that

20   the appellate court will reverse the judgment."); *Mix v. Superior Court*, 124 Cal. App. 4th 987,

21   996 (2004) (holding that an expungement motion may be denied only where the trial court

22   believes that its own decision will be reversed on appeal).  This "microscopic exception" might

23   include situations where "a trial court might feel bound by a particularly unpersuasive appellate

24   decision . . . and believe[s] the decision would not be followed, or disapproved when the case

25   actually reached the appellate or Supreme Court level."  *Mix*, 124 Cal. App. 4th at 995–96.

26

27                                                7

28   Case No. 14-CV-00831-LHK
     ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
     DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

### 2.      Analysis of Motion to Expunge Lis Pendens

On March 4, 2014, Defendants filed a motion to dismiss Plaintiffs' FAC and argued that the complaint should be dismissed based on the doctrine of judicial estoppel because Plaintiffs had failed to disclose their claims against Defendants in bankruptcy court in four successive bankruptcy petitions.  ECF No. 5 at 4.  Plaintiffs did not oppose the motion, but instead, on March 28, 2014, filed the SAC.  ECF No. 8.

On April 8, 2014, Defendants filed a second motion to dismiss Plaintiffs' SAC and made the same judicial estoppel argument as in the first motion to dismiss based on Plaintiffs' failure to disclose its claims against Defendants in bankruptcy court.  ECF No. 11 at 4.  On September 3, 2014, this Court held that Plaintiffs' claims were barred by the doctrine of judicial estoppel due to Plaintiffs' failure to disclose its claims against Defendants in bankruptcy court and dismissed Plaintiffs' SAC with leave to amend.  ECF No. 16.

On September 24, 2014, Plaintiffs filed the TAC.  ECF No. 18.  On October 17, 2014, Defendants filed a third motion to dismiss and made the same judicial estoppel argument as in their first and second motions to dismiss.  ECF No. 21 at 7.  On January 7, 2015, this Court dismissed Plaintiffs' TAC without leave to amend based, once again, on judicial estoppel arising from Plaintiffs' failure to disclose its claims against Defendants in bankruptcy court.  ECF No. 37. The dismissal was without leave to amend because the dismissal was based on the same deficiency identified in the SAC.  *Id.*  On January 8, 2015, this Court entered final judgment against Plaintiffs.  ECF No. 38.

By dismissing the case without leave to amend, the Court determined that it was not "more likely than not that the claimant will obtain a judgment against the defendant on the claim."  Cal. Civ. Proc. Code § 405.30; *see also Maxwell v. Deutsche Bank Nat'l Tr. Co.*, 2013 WL 6072109, at *2 (N.D. Cal. Nov. 18, 2013) ("[T]he Court has already dismissed this case with prejudice.  By doing so, the Court determined that it was not 'more likely than not that the claimant will obtain a judgment against the defendant on the claim.'"  (citation omitted)).

United States District Court
Northern District of California

Plaintiffs argue, however, that it is more likely than not that the Court's judgment will be reversed on appeal. *See Amalgamated*, 149 Cal. App. 4th at 1015 ("[A]fter judgment against the [plaintiff] and while an appeal is pending, the trial court must grant the motion [to expunge lis pendens] unless it finds it more likely than not that the appellate court will reverse the judgment."). On January 14, 2015, Plaintiffs filed a notice of appeal. ECF No. 40. On May 26, 2015, Plaintiffs filed their opening brief with the Ninth Circuit. Ninth Cir. Case No. 15-15066, ECF No. 10. On August 16, 2015, Defendants filed an answering brief with the Ninth Circuit. *Id.* ECF No. 18. The appeal is currently pending and set for hearing in January 2017. *Id.* ECF No. 22.

Therefore, because judgment has been entered in favor of Defendants and an appeal has been filed, the Court "must grant the motion [to expunge lis pendens] unless [the Court] finds it more likely than not" that this Court's judgment will be reversed. *Amalgamated*, 149 Cal. App. 4th at 1015. The Court first discusses the January 7, 2015 Order and the basis for dismissing Plaintiffs' claims, and then discusses whether the judgment arising from that order is more likely than not to be reversed on appeal.

### i.   January 7, 2015 Order

In the January 7, 2015 Order, the Court dismissed Plaintiffs' claims without leave to amend based on the doctrine of judicial estoppel. Jan. 7, 2015 Order at 7–12. Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, which "precludes a party from gaining an advantage by asserting one position, and later seeking an advantage by taking a clearly inconsistent position." *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The United States Supreme Court has identified three factors that courts may consider in determining whether to apply the doctrine of judicial estoppel: (1) whether a party's position is "clearly inconsistent" with its earlier position; (2) whether the first court accepted the party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). "In

9

1    addition to these factors, the Ninth Circuit examines whether the party to be estopped acted

2    inadvertently or with any degree of intent." *Milton H. Greene Archives, Inc. v. CMG Worldwide,*

3    *Inc.*, 568 F. Supp. 2d 1152, 1164 (C.D. Cal. 2008) (internal quotation marks omitted).  "If

4    incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial

5    estoppel does not apply." *Johnson v. Or. Dep't of Human Res.*, 141 F.3d 1361, 1369 (9th Cir.

6    1998).

7         "In the bankruptcy context, the federal courts have developed a basic default rule: If a

8    plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and

9    obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin v. Cty. of*

10   *Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013).  Moreover, "[j]udicial estoppel will be

11   imposed when the debtor has knowledge of enough facts to know that a potential cause of action

12   exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure

13   statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784.  The

14   Ninth Circuit has held that a "presumption of deliberate manipulation" of the bankruptcy courts

15   applies if a claim is omitted and the debtor does not "file[] amended bankruptcy schedules that

16   properly list[] th[e] claim as an asset." *Ah Quin*, 733 F.3d at 272–73.

17        In the January 7, 2015 Order, this Court weighed the factors established by United States

18   Supreme Court and Ninth Circuit precedent and found that Plaintiffs were judicially estopped

19   from pursuing their claims because "none of [Plaintiffs'] four bankruptcy petitions . . . disclosed

20   any claims against Nationstar or Aurora," that is, the claims in the instant suit.  Jan. 7, 2015 Order

21   at 9.  On the first *New Hampshire* factor, this Court found that Plaintiffs had taken a "clearly

22   inconsistent" position in the bankruptcy proceedings by failing to disclose the claims against

23   Northstar and Aurora.  *Id.* ("'[Plaintiff] clearly asserted inconsistent positions.  He failed to list his

24   claims against [defendant] as assets on his bankruptcy schedules, and then later sued [defendant]

25   on the same claims.'" (quoting *Hamilton*, 270 F.3d at 784) (alterations in original)).

26        On the second *New Hampshire* factor, this Court held that the bankruptcy court "accepted"

27

28   Case No. 14-CV-00831-LHK
     ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
     DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

1  Plaintiffs' position by granting "[Plaintiffs] the benefit of four automatic stays pursuant to 11

2  U.S.C. § 362.  *Id.* ("The bankruptcy court may 'accept' the debtor's assertions by relying on the

3  debtor's nondisclosure of potential claims in many other ways . . . .  [Plaintiff] did enjoy the

4  benefit of [] an automatic stay . . . ."  (quoting *Hamilton*, 270 F.3d at 784–85) (alterations in

5  original)).

6          On the third *New Hampshire* factor, unfair advantage, this Court held that "Plaintiffs'

7  repeated failure to disclose their claims against defendants deceived the bankruptcy court and thus

8  undermined the integrity of the bankruptcy process."  *Id.* (citing *Hamilton*, 270 F.3d at 784–85).

9          Finally, this Court held that the omission of the claims in the bankruptcy appeal was not

10  due to "inadvertence or mistake," and therefore did not overcome the "presumption of deliberate

11  manipulation."  *Id.* at 10–11 (citing *Ah Quin*, 733 F.3d at 272).  Plaintiffs argued that the agents

12  Plaintiffs had hired, Lowe and Help U Stay, were at fault for the omission of claims in the

13  bankruptcy appeals.  *Id.*  However, the judicially noticeable record indicated that Plaintiffs had

14  "engaged in a pattern of filing skeletal bankruptcies (or having others file such bankruptcies on

15  their behalf), obtaining an automatic stay, and then failing to appear at the scheduled meeting of

16  creditors or failing to file required documents."  *Id.* at 10–11.  In fact, this Court found that

17  Plaintiffs' explanations for the skeletal petitions had changed over time.  In the SAC, Plaintiffs

18  claimed that the failure to disclose the claims was an "'inadvertent mistake[]' resulting from 'not

19  having adequate representation,'" while in the TAC, Plaintiffs alleged that, at least for the

20  bankruptcies filed by Help U Stay,  Plaintiffs "were not informed of these ban[k]ruptcies."  *Id.* at

21  10.  Finally, unlike in *Ah Quin*, Plaintiffs never reopened their bankruptcy proceedings or

22  attempted to correct the error.  *Id.* at 11 ("A key factor is that Plaintiff reopened her bankruptcy

23  proceedings and filed amended bankruptcy schedules that properly listed this claim as an asset."

24  (quoting *Ah Quin*, 733 F.3d at 272)).  Thus, a "presumption of deliberate manipulation" applied to

25  Plaintiffs.  *Id.*

26          Overall, this Court, "having weighed the relevant factors, conclude[d] in its discretion that

27

28  Case No. 14-CV-00831-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

1  Plaintiffs [were] judicially estopped from pursuing their claims in the instant lawsuit." *Id.* at 11–

2  12.

3              **ii.**       **Likelihood of Decision Being Reversed On Appeal**

4        Plaintiffs argue that "the arguments in their Ninth Circuit Opening Brief" show that

5  reversal of the judgment against them is more likely than not.  Resp. at 5.  The Court disagrees.

6  Plaintiffs must satisfy a high bar to prevent expungement after judgment has been entered against

7  them.  *See Mix*, 124 Cal. App. 4th at 989 ("Ninety-nine-point-ninety-nine percent of the time

8  expung[e]ment will be required.").  As discussed above, this is a "microscopic exception" limited

9  to unique circumstances, for example, where the trial court feels bound by a decision that the trial

10  court believes will be reversed on appeal.  *Id.* at 995–96.  In addition, the standard of review for

11  judicial estoppel is abuse of discretion.  *Hamilton*, 270 F.3d at 782.  An abuse of discretion only

12  occurs if the district court "based its ruling on an erroneous view of the law or a clearly erroneous

13  assessment of the evidence."  *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en

14  banc).

15        None of Plaintiffs' arguments in support of the instant motion or "in their Ninth Circuit

16  Opening Brief" persuade the Court that the judgment against Plaintiffs is more likely than not to

17  be reversed on appeal.  In *Hamilton*, the Ninth Circuit held that "[j]udicial estoppel will be

18  imposed when the debtor has knowledge of enough facts to know that a potential cause of action

19  exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure

20  statements to identify the cause of action as a contingent asset."  *Hamilton*, 270 F.3d at 783.  On

21  appeal, Plaintiffs argue that *Hamilton* does not apply here.  ECF No. 49-1 Ex. C at 18–31.

22  Specifically, Plaintiffs argue that *Hamilton* only applies where, as was the case in *Hamilton*, there

23  are "undisputable facts of manipulation or bad faith" and the party opposing the expungement

24  motion obtained a full bankruptcy discharge rather than just an automatic stay.  *Id.*  The Court

25  addresses each argument in turn.

26        Plaintiffs incorrectly attempt to limit *Hamilton*'s holding to circumstances involving

27   

28
Case No. 14-CV-00831-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

1   "undisputable facts of manipulation or bad faith."  The Ninth Circuit has held that a "presumption

2   of deliberate manipulation" is applied where claims are omitted from bankruptcy petitions.  *See Ah*

3   *Quin*, 733 F.3d at 273  ("[G]iven the strong need for full disclosure in bankruptcy proceedings and

4   the fact that the plaintiff-debtor received an unfair advantage in the bankruptcy court, it makes

5   sense to apply a presumption of deliberate manipulation.").  Also, as discussed above, Plaintiffs

6   initiated four quickly-abandoned bankruptcy cases, the last three of which had the "sole purpose,"

7   as stated by Plaintiffs in their opening brief on appeal, of "invoking the automatic stay to delay

8   enforcement of the unlawful detainer judgment" against Plaintiffs.  ECF No. 49-1 Ex. C at 5.

9   Although the Court would find these circumstances to be "undisputable facts of manipulation," it

10  does not need to do so.  The Court only needs to find, as it did in its January 7, 2015 Order, that

11  Plaintiffs cannot overcome the "presumption of deliberate manipulation."  *Ah Quin*, 733 F.3d at

12  273.

13          Additionally, Plaintiffs' receipt of multiple automatic stays is sufficient to satisfy the

14  requirements of judicial estoppel.  The *Hamilton* court explicitly stated that "[o]ur holding does

15  not imply that the bankruptcy court must actually discharge debts before the judicial acceptance

16  prong may be satisfied.  The bankruptcy court may 'accept' the debtor's assertions by relying on

17  the debtor's nondisclosure of potential claims in many other ways."  *Hamilton*, 270 F.3d at 784.

18  Multiple lower courts have found an automatic stay to be sufficient to trigger the application of

19  judicial estoppel.  *See, e.g.*, *Cagle v. C & S Wholesale Grocers Inc.*, 505 B.R. 534, 538 (E.D. Cal.

20  2014) ("The benefit of the automatic stay is a sufficient "unfair advantage" to satisfy the third

21  prong of the [*New Hampshire*] analysis."); *Swendsen v. Ocwen Loan Servicing, LLC*, 2014 WL

22  1155794, at *5 (E.D. Cal. Mar. 21, 2014) (finding the three *New Hampshire* factors satisfied

23  where "Plaintiff twice received the benefit of an automatic stay and did not disclose his claims

24  against Defendants" in the bankruptcy proceedings).

25          On appeal, Plaintiffs cite no authority for the proposition that a failure to disclose claims in

26  a bankruptcy proceeding and a resulting automatic stay do not satisfy the *New Hampshire* factors.

27

28  Case No. 14-CV-00831-LHK
    ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
    DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

13

ECF No. 49-1 Ex. C at 25–31.  Instead, Plaintiffs argue that the existing rule of *Hamilton* and its progeny is "unfair" to people suffering home foreclosures who accidentally omit claims.  However, Plaintiffs' argument ignores "the importance of full disclosure in bankruptcy proceedings," which "'cannot be overemphasized.'"  *Ah Quin*, 733 F.3d at 273 (citations omitted).  Additionally, Plaintiffs' argument is undermined by the inadvertence or mistake doctrine, which already prevents the application of judicial estoppel where a debtor did not seek to manipulate the bankruptcy system by omitting claims.  *See Johnson*, 141 F.3d at 1369 ("If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply.").  Here, Plaintiffs' claims of unfairness ring hollow because Plaintiffs repeatedly "engaged in a pattern of filing skeletal bankruptcies (or having others file such bankruptcies on their behalf), obtaining an automatic stay, and then failing to appear at the scheduled meeting of creditors or failing to file required documents."  Jan. 7, 2015 Order at 10–11.  Therefore, it is unlikely that Plaintiffs' "fairness" argument, unaccompanied by any authority, will warrant reversal.

The Court also finds Plaintiffs' other arguments discussing the *New Hampshire* factors to be unpersuasive.  First, Plaintiffs argue, without citing any authority, that the omission of the claims does not trigger judicial estoppel because the claims were equitable in nature and therefore were not assets that needed to be disclosed in bankruptcy court.  ECF No. 49-1 Ex. C at 32 (arguing that Plaintiffs simply sought to unwind the foreclosure).  However, the bankruptcy code requires a debtor to file a schedule containing all "assets and liabilities," which includes *all* potential causes of action.  *See* 11 U.S.C. § 521(a)(1); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) ("The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action." (citation omitted)).  Additionally, Plaintiffs' claims are for monetary damages: Plaintiffs' TAC sought remedies for compensatory damages, consequential damages, interest, costs and attorney's fees, and punitive damages.  TAC at 18–20.

Second, Plaintiffs argue that an automatic stay causes no "unfair advantage" because the

Case No. 14-CV-00831-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

bankruptcy code provides some protections that allow releases from the automatic stay. ECF No. 49-1 Ex. C at 32 (citing 11 U.S.C. §§ 362(c)(3) (shortening stay to 30 days if debtor had a bankruptcy case that was pending in the past year), 362(c)(4)(A)(i) (preventing an automatic stay if two or more bankruptcy petitions were filed in the last year)). However, Plaintiffs make no argument that they were not awarded automatic stays for their four bankruptcy petitions or that they did not benefit from the delays caused by those stays. ECF No. 24, Pls. Opp'n to Mot. to Dismiss, at 8 (stating that "Defendant has noted that Plaintiffs received Automatic Stays" without challenging that assertion). As already discussed above, "[t]he benefit of the automatic stay is a sufficient "unfair advantage" to satisfy the third prong of the [*New Hampshire*] analysis." *Cagle*, 505 B.R. at 538. Thus, Plaintiffs' argument regarding unfair advantage does not preclude the application of judicial estoppel.

Finally, Plaintiffs argue that the Court's application of a "presumption of deliberate manipulation" was incorrect. In *Ah Quin*, there was no such presumption because the plaintiff reopened the bankruptcy proceedings and corrected the initial omission of claims. *Ah Quin*, 733 F.3d at 273. Plaintiffs argue that there was no opportunity to re-open the proceedings here, and therefore the presumption cannot apply. ECF No. 49-1 Ex. C at 38. Plaintiffs misread *Ah Quin*. The *Ah Quin* court held that the presumption of deliberate manipulation exists where a plaintiff omits claims and obtains an unfair advantage. *Ah Quin*, 733 F.3d at 273. The re-opening of the proceedings fixed the initial error that created the presumption. *Id.* Even if Plaintiffs did not have the opportunity to fix their errors, Plaintiffs still omitted the claims in four bankruptcy petitions and obtained an unfair advantage. Therefore, under *Ah Quin*, the court did not err by applying a presumption of deliberate manipulation.

Overall, the Court does not find it more likely than not that the Court's judgment will be overturned on appeal. Therefore, the Court GRANTS Defendants' Motion to Expunge Lis Pendens.

15

United States District Court
Northern District of California

United States District Court
Northern District of California

1    **C.    Motion for Attorney's Fees**

2    Because the Court grants Defendants' Motion to Expunge Lis Pendens, the Court must

3    award "reasonable attorney's fees and costs" associated with bringing the motion to Defendants

4    unless Plaintiffs "acted with substantial justification or . . . other circumstances make the

5    imposition of attorney's fees and costs unjust." Cal. Civ. Proc. Code § 405.38.  Plaintiffs bear the

6    burden of proving they acted with substantial justification or that an award of attorney's fees

7    would be unjust. *Id.* § 405.30 ("The claimant shall have the burden of proof . . . ."); *Doan v.*

8    *Singh*, 2014 WL 3867418, at *3 (E.D. Cal. Aug. 6, 2014) (citation omitted) (placing burden on the

9    party that opposed the motion to expunge lis pendens).

10    Here, Defendants have filed a declaration indicating that, on June 23, 2016, one month

11    before filing the instant motion, Defendants contacted Plaintiffs by letter and requested Plaintiffs

12    to withdraw the lis pendens.  ECF Nos. 48-1 ("Decl. of Jon D. Ives"), 48-2 ("June 23, 2016 Lis

13    Pendens Letter").  Plaintiffs twice asked for additional time to respond, but never withdrew the lis

14    pendens.  ECF No. 48-1 ¶¶ 1–5.  The refusal to withdraw the lis pendens is a factor that favors

15    granting attorney's fees.  *See Morgan v. Aurora Loan Servs., LLC*, 2014 WL 772763, at *2 (C.D.

16    Cal. Feb. 20, 2014) (awarding attorney's fees partly because the plaintiff did not withdraw the lis

17    pendens).  Additionally, Plaintiffs have not provided a "substantial justification" for opposing the

18    instant motion to expunge lis pendens when a judgment against them had already been entered.

19    *See Mix*, 124 Cal. App. 4th at 989 ("Ninety-nine-point-ninety-nine percent of the time

20    expung[e]ment will be required.").  In fact, given Plaintiffs' history of filing serial bankruptcy

21    petitions solely in order to take advantage of automatic stays, the opposition to the motion to

22    expunge lis pendens here appears to be yet another delay tactic.

23    Plaintiffs argue that the imposition of attorney's fees would be unjust due to Plaintiffs'

24    financial difficulties.  *See Simmons v. Aurora Bank FSB*, 2016 WL 192571, at *12 (N.D. Cal. Jan

25    15, 2016) ("[T]he court finds that an award of fees would be unjust in view of plaintiff's apparent

26    financial difficulties.").  However, besides the home foreclosure itself, the status of Plaintiffs

27

28    Case No. 14-CV-00831-LHK
     ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
     DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

16

1    financial difficulties is unclear.  Plaintiffs claim on appeal that they seek to unwind the foreclosure

2    and continue paying off their home mortgage, which implies that Plaintiffs believe they would be

3    able to make such payments.  ECF No. 49-1 Ex. C at 32.

4         Overall, because the opposition to the Motion to Expunge Lis Pendens was without

5    "substantial justification" and the award of attorney's fees would not be unjust, the Court finds

6    that attorney's fees are warranted in the instant case.

7         However, "the party seeking attorney's fees bears the burden of demonstrating reasonable

8    hours and rates."  *Fresh Packing Corp. v. Guicho*, 2016 WL 1718286, at *2 (N.D. Cal. Apr. 29,

9    2016).  To meet this burden, Plaintiff must "provide . . . evidence justifying counsels' requested

10   hourly rates."  *Id.*  Defendants request attorney's fees for 21 hours of work at an hourly rate of

11   $320, which totals $6,720.  ECF No. 53-1 ¶ 2.  The Court first addresses the requested hourly rate

12   and then addresses the requested number of hours.

13        With respect to the hourly rate, Defendants seek an hourly rate of $320.  ECF No. 53-1 ¶ 2.

14   However, Defendants fail to specify the experience of the attorney working on the case, which

15   affects whether the requested hourly rate is reasonable.  *See, e.g.*, *Barkett v. Sentosa Props. LLC*,

16   2015 WL 5797828, at *5 (E.D. Cal. Sept. 30, 2015) ("The Court concludes that a current

17   reasonable range of attorneys' fees, depending on the attorney's experience and expertise, is

18   between $250 and $400 per hour, and that $300 is the upper range for competent attorneys with

19   approximately a decade of experience.").  The requested rate of $320 per hour may or may not be

20   reasonable depending on the experience of the attorney involved in the motion to expunge lis

21   pendens.  *Hutson v. Am. Home Mortg. Servicing, Inc.*, 2009 WL 3353312, at *17 (N.D. Cal. Oct.

22   19, 2009) (finding $325 to be reasonable hourly rate in a home foreclosure case for an attorney

23   with 25 years of experience).

24        With respect to the requested hours, Defendants claim that the Motion to Expunge Lis

25   Pendens required 21 hours.  ECF No. 53-1 ¶ 2.  Even though Defendants only need to provide a

26   "minimal level of detail that identifies the general subject matter of the time expenditures,"

27

28   Case No. 14-CV-00831-LHK
     ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS AND REQUIRING ADDITIONAL
     DOCUMENTATION FOR DEFENDANTS' REQUESTED ATTORNEY'S FEES

United States District Court
Northern District of California

17

Defendants "provide no billing detail other than total hours worked . . . and [a] general description of the tasks." *Barkett*, 2015 WL 5797828, at *5 (citing *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004)).  Therefore, under *Barkett* and *Lytle*, the Court requires additional billing information to award the requested attorney's fees.

Accordingly, the Court orders Defendants to file, within 7 days of this order, a declaration with supporting documents and citations to case law satisfying Defendants' burden to "demonstrat[e] reasonable hours and rates." *Fresh Packing Corp.*, 2016 WL 1718286 at *2.

**III.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Expunge Lis Pendens and requires additional documentation for Defendants' requested attorney's fees.

**IT IS SO ORDERED.**

Dated: November 15, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

18